# GEORGE A. SHANE, SR., ET AL.

## vs.

## FRANCES L. WOOLEY ET AL.

*Wills—Attestation Clause—On Envelope Enclosing Will.*

The attestation clause, if not on the same sheet of paper as testator's signature, must be on a paper physically connected therewith.                                                                  p. 78

A will is not sufficiently attested when the will, as signed by testator, is placed in a sealed envelope, and the attestation clause and the signatures of the witnesses are then written across the sealed portion of the envelope, and on the outside thereof.                                                              pp. 79, 80

*Decided March 1st, 1921.*

Appeal from the Orphans' Court for Caroline County.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*J. Owen Knotts,* with whom were *Lewis & Knotts* on the brief, for the appellants.

*T. Alan Goldsborough,* for the appellees.

BRISCOE, J., delivered the opinion of the court.

This is an appeal from an order of the Orphans' Court of Caroline County, dated the 9th day of March, 1920, revoking an order which had been previously passed by that court on the 17th day of February, 1920, admitting to probate a paper writing purporting to be the last will and testament of Mrs. Catherine Shane, and also rescinding the letters of administration *c. t. a.* granted unto George A. Shane.

The alleged will of Mrs. Shane, late of Caroline County, deceased, it appears from the record, was brought in the Orphans' Court of Caroline County, by George A. Shane, its custodian, and who made oath on the 12th day of February, 1920, that the will was delivered to him by George A. Shane, Jr., his son, who found the paper writing among the papers of Catherine Shane, and remained in his keeping until deposited by him with the Register of Wills for Caroline County for probate.

The alleged will, it appears, was contained and written on one sheet of paper signed by Mrs. Shane, and enclosed in an envelope, which had been sealed, and upon which the following endorsement and signatures appeared across the sealed portion of the envelope:

"We have seen the said Mrs. Catherine Shane sign and seal this paper in our presence and at her request we hereby sign our names as witnesses.

"Hattie A. Dehner.
"John Dehner.
"Lucy A. Prettyman."

No objections were made to the probate of the will, although notice appears to have been given to the proper parties in interest, and the Orphans' Court, on the 17th day of February, 1920, after hearing evidence as to the validity of the will, ordered and decreed that it be admitted to probate as the true and genuine last will and testament of Catherine Shane, deceased.

The paper writing was not dated nor witnessed on the paper itself but, as stated in the record, "the aforegoing paper writing was brought into this Court, in an envelope which had been opened and on which was written" the attestation clause, set out herein, and signed by the three named witnesses.

The petition to revoke and vacate the probate of the will was filed on behalf of the daughter, Frances L. Wooley, and a son, William A. Shane, of the testatrix, and alleges that the

probate of the will, and the letters of administration with the will annexed, granted thereon, were improperly issued: first, that the paper writing was not valid, as a will, because it was not executed in accordance with the law of the State of Maryland, providing for the execution of wills; second, that the paper writing was null and void on its face as a will, because it had not been subscribed by two or more witnesses, as required by law.

The defendants, George A. Shane, Sr., the husband, and a son, George A. Shane, Jr., answered the petition, denying the allegations set forth therein, and asked that the petition be dismissed upon the ground that the will was valid, and executed as required by the laws of the State.

The case was heard upon petition, answer and testimony taken in open court, and the Orphans' Court of Caroline County held that the petitioners were entitled to a decree revoking the order admitting the will to probate, and also the letters of administration *c. t. a.* which had been granted to George A. Shane. And from an order, passed on the 9th day of March, 1920, so declaring, the present appeal has been taken.

The controlling facts, upon which the decision of the case must turn, are undisputed, and the record presents for consideration the single question whether the proof as to the execution and attestation of the will in this case is sufficient, under the statute, to justify its admission to probate.

By Section 323 of Article 93 of the Code (Bagby's), it is provided that all devises and bequests of any lands, or tenements, or interest therein, and all bequests of any goods, chattels or personal property of any kind, as described in Section 319, shall be in writing and signed by the party so devising or bequeathing the same, or by some other person for him, in his presence and by his express direction, and shall be attested and subscribed in the presence of the said devisor by two or more credible witnesses, or else they shall be utterly void and of none effect.

In *Appeal of Reaver's Executors,* 96 Md. 736, it is said: "The provision of the statute of this State that a will must be attested and subscribed by the witnesses * * * had its origin in the Statute of Frauds and is substantially the same as that in force in most of the other States and in England." *Higgins* v. *Carlton,* 28 Md. 141; *Gross* v. *Burneston,* 91 Md. 383.

While there is no provision of the statute of this State which requires in terms that the attestation clause and the signatures of the witnesses shall be at the end of the will or at any particular place of the will, as in some of the States of the Union, the weight of authority, however, appears to be that the witnesses must sign, either upon the same sheet as the signature of the testator, or on some sheet physically connected with it, to constitute a valid will.

In the recent case of *Brengle* v. *Tucker,* 114 Md. 602, this Court said: "To subscribe means that the witnesses shall sign their name to the same paper for the purpose of identification, and implies that attestation has been performed. * * * The statute was passed to remove uncertainty in the making of wills and to prevent the practice of imposition and fraud upon testators.

In *Re Baldwin,* 146 N. C. 25, the Supreme Court of that State said: "The authorities hold that the attestation or subscription by witnesses must be on the same sheet of paper as that which contains the testator's signature, or else upon some paper physically connected with that sheet."

In *Goods of Braddock,* L. R., 1 Prob. Div. (1875-76) 433, Sir J. Hannen said: "In this case the witnesses, instead of attesting the signature of the testatrix on the paper itself, attested on the back of the original will, to which that paper was attached by a pin. The law does not require that the attestation should be in any particular place, provided that the evidence satisfies the court that the witnesses in writing their names had the intention of attesting. But the attestation, if not on the same sheet of paper as the signature of the testator, must be on a paper physically connected with that

sheet," and the probate will be sustained. And to the same effect are the cases of *Soward* v. *Soward,* 1 Duvall (Ky.), 134; *Bolton* v. *Bolton,* 107 Miss. 84; *In re Perrine's Will,* 180 N. Y. Supp. 335.

Mr. Schouler, in his work on *Wills, Executors and Administrators* (5th Ed.), Vol. 1, Sec. 336, states: "But the attestation or subscription by witnesses must be on the same sheet of paper as that which contains the testator's own signature, or else upon some paper physically connected with that sheet. No particular mode of connection is prescribed by law; and hence the fastening by tape, by eyelets, by mucilage, or even by a pin, seems unobjectionable. Where papers are thus connected, the testator may sign on one paper and the witnesses on another, provided their intent corresponded. But attestation or a subscription by witnesses on a piece of paper, detached and separated from the will and the testator's signature, nor affixed in his presence to the paper at the time of execution, fails of compliance with the policy of our law; we may assume it to be void, as otherwise a door would be open to much fraud and perjury."

Mr. Alexander, in his *Commentaries on the Law of Wills,* Vol. 1, p. 676, thus states the law as supported by authority: "If the will consists of several sheets of paper, it is not necessary that each sheet be signed by the witnesses. But the signatures of the witnesses must be either upon the same sheet as the signature of the testator, or on some sheet physically connected with it." *A. & E. Ency. of Law,* Vol. 30, p. 603; 1 *Jarman on Wills* (6th Am. Ed.), p. 115; *Rood, Wills,* Secs. 292, 297; 6 *Corpus Juris.,* 554; *In re Moro's Estate* (Cal.), 190 Pac. 168; *Code,* Sec. 50, Art. 13, p. 279.

Under the facts shown by the record in the present case, the attestation or subscription by the witnesses was not on the same sheet of paper as that which contained the testatrix' own signature nor was it upon a paper physically connected with that sheet.

On the contrary, Mrs. Shane signed her name, at the foot of the alleged will, which was contained on one sheet of

paper, and after folding it, she placed it in an envelope and sealed it. The attestation clause and the signature of the witnesses was then written across the sealed portion of the envelope, and on the outside thereof.

We think the Orphans' Court of Caroline County was right in revoking the probate of the alleged will in this case, because, it is obvious, under the authorities cited, the formalties prescribed by law, in the execution of wills, have not been complied with, to constitute a valid will.

The validity of a will, under all the authorities, is made to depend upon the instrument being properly attested and subscribed by two or more credible witnesses as provided by the statute, and unless the statute is complied with in this respect, the devises and bequests are, in the language of the statute, "utterly void and of none effect."

For the reasons stated, the decree of the Orphans' Court of Caroline County, dated the 9th day of March, 1920, and appealed from in this case, will be affirmed.

*Decree affirmed, with costs.*