BROSNAN, JR., ET AL. *v.* BROSNAN.

ON CERTIFICATE FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 56. Argued October 8, 1923.—Decided November 26, 1923.

In the District of Columbia, under a caveat to a will, whether filed before or after the will has been admitted to probate, the burden of proof on the issue whether the testator at the time of executing the will was of sound and disposing mind and capable of executing a valid deed or contract, is upon the caveator. P. 347.

QUESTION propounded by the Court of Appeals of the District of Columbia in a case coming to that court from the Supreme Court of the District.

*Mr. Rudolph H. Yeatman* and *Mr. Wilton J. Lambert,* with whom *Mr. Charles S. Baker* was on the briefs, for Brosnan, Jr., et al.

*Mr. W. Gwynn Gardiner,* with whom *Mr. Abner H. Ferguson* and *Mr. J. Wm. Tomlinson* were on the briefs, for Brosnan.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This case comes before us, under § 251 of the Judicial Code, upon the following certificate:

" The Court of Appeals of the District of Columbia certifies that the record in this case discloses the following:· Timothy Brosnan died in the District of Columbia, wherein he resided and was domiciled, on May 2, 1919, leaving a last Will and Testament dated July 29, 1918, which was duly filed for probate, whereupon his widow Margaret Brosnan, the appellee here, filed a caveat challenging the mental capacity of the decedent. At the close of the evidence, which was conflicting upon this point, the proponents of the Will, appellants here, prayed the court to instruct the jury that on this issue the burden of proof was upon the caveator. The court declined to so rule but instructed the jury, as requested by the caveator, that the burden of proof was upon the caveatees and that, if the jury should find ' that the evidence is evenly balanced or that the weight of the evidence is in favor of finding that the testator was of unsound mind,' the verdict should be against testamentary capacity. The Court of Appeals certifies that the following question of law arises upon the record, the decision of which is

necessary for the proper disposition of the case, and, to the end that a correct result may be reached, desires the instruction of the Supreme Court of the United States upon that question, to wit: upon the issue whether the testator, at the time of the execution of the Will, was 'of sound and disposing mind and capable of executing a valid deed or contract,' is the burden of proof in the District of Columbia upon the caveator or caveatee?"

The Code of the District of Columbia provides for the probate of a will in solemn form upon the filing of a petition and notice to all persons interested in the estate by service of citation or publication (§ 130); permits any party in interest to file a caveat in opposition to its probate upon or prior to the hearing (§ 136); and, if the will be admitted to probate, permits any person in interest, within a specified time thereafter, to file a caveat and pray that the probate be revoked (§ 137). It is further provided that no will shall be good and effectual unless the person making the same be at the time of its execution of sound and disposing mind and capable of executing a valid deed or contract (§ 1625).

The certificate of the Court of Appeals does not show specifically whether the caveat was filed before or after the probate of the will; but for the purpose of giving the instruction requested as to the rule of law in the District of Columbia, this is immaterial, whatever may be the effect of the distinction elsewhere.

The questions as to the burden of proof under a caveat challenging the mental capacity of the testator, before or after the probate of a will, have given rise to much conflict of opinion in different jurisdictions. It is, however unnecessary to enter into a consideration of these questions at large, for the reason that the law in the District of Columbia has been established by the decision

of this Court in *Leach* v. *Burr*, 188 U. S. 510, 516 (1903). In that case the will having been offered for probate, a caveat was filed in opposition. The questions submitted for consideration on the trial in the Supreme Court of the District were· whether the testator was at the time of executing the will " of sound mind, capable of executing a valid deed or contract," and whether the will was procured by threats, menace, and duress, or by fraud. The trial court directed a verdict against the caveator and ordered the will to be admitted to probate. Upon appeal from an affirmance of this order by the Court of Appeals, this Court, after specifically setting out the questions submitted for consideration and reviewing the evidence, especially in reference to the question of the mental capacity of the testator, said: " Upon questions of this kind submitted to a jury the burden of proof, in this District at least, is on the caveators. *Dunlop* v. *Peter,* 1 Cranch C. C. 403. See also *Higgins* v. *Carlton,* 28 Maryland, 115, 143; *Tyson* v. *Tyson's Executors,* 37 Maryland, 567. The caveators in the present case failed to sustain this burden, and we are of the opinion that the trial court did not err in directing a verdict against them. The judgment is affirmed." [1]

This is a specific decision that in the District of Columbia under a caveat filed in opposition to the probate of a will the burden of proof on an issue as to the mental capacity of the testator, is upon the caveator. It definitely determines the rule of law in the District and completely abrogates such effect, if any, as otherwise might have attached to the incidental remark in the previous case of *Rich* v. *Lemmon,* 15 App. D. C. 507

---

[1] In the *Higgins Case* it specifically appears that the caveat was filed before probate of the will; in the *Dunlop Case* this inferentially appears; and in the *Tyson Case* it appears that the caveat was filed after the will had been admitted to probate.

(1899), that the " onus of proof " upon such issue was on the proponent of the will.[2]

Apart from any question of pleading as to the burden of allegation, this rule as to the burden of proof rests upon the ancient presumption in reference to sanity. *Higgins* v. *Carlton, supra,* p. 141. And viewed from a practical rather than an academic standpoint, it gives effective weight to the presumption of the testator's sanity and obviates the difficulty which would arise if such presumption were treated as one which merely established a *prima facie* case in favor of the proponent of the will but did not relieve him from the ultimate burden of persuasion on the question of the testator's mental capacity, involving a nice distinction tending to confusion in a jury trial. And for this reason, as well as upon the principle of *stare decisis,* we have no disposition to modify or change the law of the District as settled in *Leach* v. *Burr.*

And obviously, as the caveator under that law has the burden of proving the want of mental capacity in the testator before the will has been probated, he is not relieved of this burden when challenging such capacity in a proceeding instituted to revoke the probate of a will after the presumption of the testator's sanity has been fortified by a decree of probate made in solemn form after notice to the parties in interest.

For the foregoing reasons, in answer to the request of the Court of Appeals, it is instructed: That in the District of Columbia, under a caveat to a will challenging the mental capacity of the testator, whether before or after the will has been admitted to probate, the burden of proof.

---

[2] The rule stated in *Leach* v. *Burr* seems at first to have been followed, as it should, by the trial courts of the District, as settled law. See, for example, *Re Will of Shelley,* 34 Wash. L. Rep. 801 (1906). But later they seem to have regarded the earlier statement in *Rich* v. *Lemmon,* as controlling. See *Re Estate of Robinson,* 45 Wash. L. Rep. 760 (1917).