## PATTEN v. PINKNEY.
### No. 5357.

Court of Appeals of District of Columbia.
June 1, 1931.

Austin F. Canfield and Walter J. Casey, all of Washington, D. C., for appellant.

Leon Pretzfelder and Edward L. Marthill, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree denying probate to a will.

The record discloses that Louisa P. Lucas, a resident of the District of Columbia, departed this life in February, 1930, and in the same month a paper writing purporting to be her last will and testament was filed in the probate court by Edmund A. Patten, the executor named in the will, with the prayer that the same be admitted to probate as the valid last will and testament of the decedent. A caveat was thereupon filed by Isaac Pinkney denying the validity of the proffered instrument, and praying that it be refused probate.

An issue was regularly framed, presenting among others the question whether the paper writing purporting to be the last will and testament of Louisa P. Lucas, deceased, was executed and attested in due form as required by law; and whether such paper writing was the last will and testament of the decedent.

At the trial of the issue the original paper writing was exhibited to the court and jury. It is written upon two sheets of paper tacked together. The first sheet or page of the instrument contains eight separate bequests to various persons of specified sums of money, the amounts of which are severally set down in figures only. For illustration, the first bequest is copied reading as follows: "I give, devise and bequeath to Benson Doyle Mitchell $300.00." The second sheet or page contains a residuary clause devising the entire residue of the estate to Edmund A. Patten, who is also named as executor of the will. The signature of testatrix and the attestation of the two witnesses are written in due form upon this page.

At the trial the proponent called as witnesses the two subscribing witnesses to the will, namely, Mary Robinson and John W. Green.

The first witness, Mary Robinson, upon being shown the will identified her signature thereon, and testified that testatrix first signed the will, that witness then placed her signature immediately thereafter, and that the second subscribing witness, John W.

Green, signed immediately after that, that the will was signed by the testatrix in the presence of the witnesses, that the witnesses signed at the request of the testatrix, in her presence, and in the presence of each other, that the will was not read in the presence of witness, and after it was signed it was handed to Mr. Patten, the testatrix saying, "Now I have remembered those I want to remember," that witness did not read the will nor was it read to her, and that she did not notice any blank spaces in the will.

The second witness, John W. Green, likewise identified his signature as a witness upon the will, and testified that the testatrix requested him to act as a witness, that testatrix signed the will first, that Mary Robinson signed it next, and that witness signed it last, that the witnesses signed in the presence of testatrix and in the presence of each other.

The witness further testified that at the time when he signed the will the amounts of the different legacies mentioned in it were not set down nor written, but that blank spaces were left in the will where the amounts of the legacies were intended to be added afterwards; and that the testatrix said she would fill the amounts in later. The witness also testified, "Mr. Patten told me they were filled in a few weeks afterwards." A motion was made by the proponent to strike out this answer; it was overruled subject to exceptions.

This testimony was not substantially contradicted, nor was any effort made to prove a republication of the will after the blank spaces were filled in with the amounts of the legacies. The court thereupon directed a verdict finding that the paper writing was not the last will and testament of the decedent, and a decree was entered accordingly. This appeal was then taken.

We agree with the ruling of the lower court. The burden of proving the formal execution of the will rested in the first instance upon the proponent. 40 Cyc. p. 1727. The testimony submitted for that purpose established the fact that the instrument when signed by the testatrix was not complete, and that testatrix afterwards undertook to complete it without a republication thereof. The relative importance of the blank bequests in the will is shown by the fact that they amount to $2,055, and the estimated value of the entire estate was about $6,000. The paper writing accordingly was not "executed and attested in due form as required by law," and was not the last will and testament of the dece-

dent. Henry v. Fraser, 58 App. D. C. 260, 29 F.(2d) 633, 62 A. L. R. 1364.

The question raised by the proponent's objection to the testimony of witness John W. Green, to the effect that Mr. Patten, the executor, had told witness that the blanks "were filled in a few weeks afterwards," is not free from doubt. But this evidence was cumulative only, and if it were stricken out the remaining proof would nevertheless clearly establish the facts upon which the court's ruling was based. We do not regard the question as controlling in this appeal.

The decree of the lower court is accordingly affirmed, with costs.

HITZ, Justice, took no part in the consideration or decision of this case.