**In re LEE'S ESTATE.**

No. 71309.

United States District Court
District of Columbia.

April 20, 1948.

John E. Powell, of Washington, D. C., for petitioner, Margaret Lee Higdon.

TAMM, District Judge.

There has been presented to the Court for probate, a paper-writing purporting to be the last Will and Testament of Mrs. Catherine C. (Mrs. Joseph) Lee.

On April 22, 1948, while confined to Sibley Hospital by what became her fatal illness, Mrs. Lee instructed one of her daughters, Mrs. Margaret Lee Higdon, to prepare her Will whereby she left the monies on deposit to her credit in two Washington banking institutions to the said Margaret Lee Higdon. These instructions were carried out, and, in the presence of the daughter and, at least one nurse, Kathleen S. Tibbs, the paper-writing prepared in Mrs. Higdon's own handwriting was executed by Mrs. Lee, whereupon it was folded, placed in an envelope and the envelope was sealed. Mrs Higdon then inscribed on the face of the envelope: "My Last Will and Testament" and Kathleen S. Tibbs and another nurse, Isabelle Klose, affixed their signature thereunder.

Mrs. Lee died on April 26, 1948. The aforesaid paper-writing remained in the possession of Mrs. Higdon, the sole legatee, until about ten days thereafter, when she took it to an Officer of the Riggs National Bank, Kenneth Brooks, who opened the envelope in the presence of Mrs. Higdon. It should be noted here that Mr. Brooks, in his affidavit, stated: "So far as I can recall the envelope borne (sic) no evidence of having been previously opened."

The question presented to the Court is whether this paper-writing complies with the requirements of the statute. It further appears to be a case of first impression in this jurisdiction.

T. 19, Sec. 103 of the D. C. Code provides in part: "All wills * * * shall be attested and subscribed in the presence of the said testator by at least two credible witnesses, or else they shall be utterly void and of no effect * * *".

The facts in this case are similar, in all respects but one, to those in the case of Shane v. Wooley, 1921, 138 Md. 75, 113 A. 652. In the latter case the Will was written on a sheet of paper, signed by the testator, then sealed in an envelope and the signature of the witnesses were placed across the sealed portion of the envelope. In the instant case the signatures appeared on the front of the envelope. In the Shane case, supra, [138 Md. 75, 113 A. 653] it was stated:

"While there is no provision of the statute of this state which requires, in terms, that the attestation clause and the signatures of the witnesses shall be at the end of the will, or at any particular place of the will, as in some of the states of the Union,

the weight of authority, however, appears to be that the witnesses must sign, *either upon the same sheet as the signature of the testator, or on some sheet physically connected with it, to constitute a valid will.* (Italics supplied.)

\* \* \* \* \* \*

"Under the facts shown by the record in the present case, the attestation or subscription by the witnesses was not on the same sheet of paper as that which contained the testatrix's own signature, nor was it upon a paper physically connected with that sheet."
and the Court affirmed the lower court's refusal to probate the Will.

To the same effect was the case of In re Baldwin's Will, 146 N.C. 25, 59 S.E. 163, 125 Am.St.Rep. 466. Here Baldwin's will was properly signed by one witness, Covington, who later made a copy of the will which he, Covington, improperly signed as a witness (not in Baldwin's presence). Bowles, another witness properly signed the copy—the testator having properly signed both—so that there were two papers, the same except that each lacked the one witness' signature necessary to make it properly executed. The two papers were not allowed to be taken together as one Will, and probate was refused, on the ground that the two were not physically connected. See also, Soward v. Soward, 1 Duv. 126, 62 Ky. 126.

 While Mrs. Lee intended the paper-writing to be her Will and the intention of a testatrix is entitled to great weight, nevertheless the intention of the testatrix is not to be considered where the writing fails to comply with the requirements of the statute. See Brengle v. Tucker, 114 Md. 602, 80 A. 224. The law of Wills and of probate as existing in Maryland on February 27, 1801, was and is the law of the District of Columbia except as altered by the Congress. Our statute on this particular matter is based on the Maryland and English statutes and the only changes are "verbal and inconsequential" so that this Court must be guided by the decisions of the Maryland Court. Cf. Pascucci v. Alsop, 79 U.S.App.D.C. 354, 147 F.2d 880. Therefore the importance of the Shane case, supra, cannot be over-emphasized especially where more protection was there given the testator against fraud by reason of the witnesses having signed across the seal of the envelope. The requirements concerning subscribing witnesses certainly become less strict if it be said that these papers are sufficiently physically connected and that the envelope is a second page to the Will. In no other field of law should more care be taken over a decision to lessen requirements than in the field of Wills where the introduction of fraud must be guarded against to a greater extent because of the fact that the lips of the main "witness" (the testator) are sealed. Cf. Soward v. Soward, supra.

In the light of the foregoing, it is, therefore, the decision of this Court that the aforesaid paper-writing of Mrs. Lee should not be admitted to probate since it fails to comply, in all respects, with the requirements of the statute as interpreted by the Courts of Maryland.