**MANN et al. v. CORNISH.**

**No. 10408.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 27, 1950.

Decided June 12, 1950.

Mr. Marcus Borchardt, Washington, D. C., for appellants.

Mr. Garfield C. Thompson, Washington, D. C., for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Appellants filed a caveat to the will of Thomas Atkins, alleging fraud and undue influence exercised upon the testator by Joseph Cornish. Cornish is one of the beneficiaries under the will and was named executor thereof. After hearing the evidence, the lower court withdrew the case from the jury and directed a verdict sustaining the will. Appellants contend that the withdrawal of the questions of fraud and undue influence was error.

We think the District Court acted properly. The will itself was executed in accordance with the required formalities and was proved by the testimony of the two attesting witnesses. Although appellants insist that those witnesses perjured themselves and that the will was somehow foisted upon an unsuspecting testator, the allegations are unsupported by any evidence in the record.

We are asked, in effect, to reverse the usual procedure under allegations such as these and require that a beneficiary who is not the obvious object of a testator's bounty bear the burden of justifying any devise to him. Both law and good sense prevent us from adopting such a suggestion. The burden of proof has long rested upon those who allege fraud and undue influence in their attempts to set aside wills which have been properly executed.[1] More than

1. Brooke v. Barnes, 1932, 61 App.D.C. 161, 162, 58 F.2d 887, 888; cf. Towson v. Moore, 1897, 11 App.D.C. 377, 381, affirmed 1899, 173 U.S. 17, 24, 19 S.Ct 332,

suspicion [2] or a seemingly unnatural testamentary disposition [3] is required. Thus, it is not enough to point to the fact that the testator could not read.[4] Nor does it suffice that Cornish was referred to as a "confidant" by the testator and yet apparently did not perform any substantial services for the testator. It is obvious to us that one may have been a "confidant" without having performed material services.

The plain fact is that one of the two attesting witnesses testified that the testator said,

"I am turning my place over to Mr. Cornish. He has been very good to me, tend— to my business—I am turning things, my property, over to Mr. Cornish. He has been good to me and I want him to—want you to witness this deed—want you to witness my signature."

That testimony was neither rebutted nor shaken on cross-examination. Under such circumstances, the will having been properly executed, we must defer to the determination of the trial judge who heard the parties and found against the appellants.

Affirmed.

43 L.Ed. 597; Brosnan v. Brosnan, 1923, 263 U.S. 345, 347 et seq., 44 S.Ct. 117, 68 L.Ed. 332; Leach v. Burr, 1903, 188 U.S. 510, 516, 23 S.Ct. 393, 47 L.Ed. 567.

2. Beyer v. LeFevre, 1902, 186 U.S. 114, 125–126, 22 S.Ct. 765, 46 L.Ed. 1080; Palmer v. Strohecker, 1931, 60 App.D.C. 312, 53 F.2d 924; Brooke v. Barnes, supra note 1, 58 F.2d at page 889.

3. Morgan v. Morgan, 1908, 30 App.D.C. 436, 448–449, 13 Ann.Cas. 1037.

4. There is a presumption that a testator knows the contents of a properly executed will; his inability to read does not create a contrary presumption that he does not know the contents. Lipphard v. Humphrey, 1908, 209 U.S. 264, 268–269, 28 S.Ct. 561, 52 L.Ed. 783, 14 Ann.Cas. 872.