**WIGGINS v. SMITH et al.**

**No. 10551.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 11, 1950.

Decided June 15, 1950.

Mr. Joseph A. McMenamin, Washington, D. C., with whom Mr. Robert I. Miller, Washington, D. C., was on the brief, for appellant.

Mr. Arthur L. Willcher, Washington, D. C., with whom Mr. Sol Rothbard, Washington, D. C., was on the brief, for appellees.

Before CLARK, FAHY and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

This appeal by the caveatee presents the question of whether there was sufficient evidence of undue influence to sustain the verdict. Appellant assigns one other error to the proceedings below, stating that the court erred in permitting counsel for the caveators to read a case to the jury which was inapposite. The record reveals, however, that appellant waived any objection she may have had in this regard.

The caveators and the caveatee were sisters. The caveators had lived off and on with their mother, the testatrix, while the caveatee had lived with her continuously for some fifteen years up to the time when she died in January of 1949. The will in question was executed by the testatrix on the 9th of December 1947, the night before she was to undergo a serious operation for the amputation of her leg. In it everything was left to the caveatee except for bequests of $25 each to the caveators.

After the caveatee had proved the due execution of the will, the caveators came forward with their proof on the issue of undue influence. They showed that the caveatee and principal beneficiary under the will occupied a confidential and fiduciary relation to the testatrix and handled all her affairs; that she participated in the preparation of the will by engaging the attorney and by giving him the instructions as to the contents thereof and by arranging for the witnesses; that she gave it to one of the witnesses who took it to the testatrix in the hospital the night it was executed and immediately thereafter turned it over to the caveatee; that the caveatee never informed caveators of the execution of this will; that there was friction amongst the sisters; and that the caveatee continued in her confidential and fiduciary capacity with testatrix until her death. They further showed that the testatrix, both prior to and at the time of the execution of the will, was sick and in great pain; that during the day on which she executed the will she had been given sedatives; that she was an elderly woman; and that she had made statements on an earlier date that she intended to make a different disposition of her property than the one disclosed by the will.

As we have said, " 'Undue influence * * * is nearly always a matter of inference from facts and circumstances disclosed by the evidence of the conditions and surroundings of the parties * * *' "[1] In the instant case, although any one of these facts or circumstances, standing alone, might be inadequate to give rise to a presumption of undue influence, when taken in the aggregate, and if believed by the triers of fact, they are undoubtedly sufficient to give rise to the presumption that, the instant writing expressed the wishes of the principal beneficiary rather than those of the testatrix and was brought about by the former's influence over the latter.

The caveatee sought to countervail the presumption thus raised by explaining or denying the above mentioned facts and circumstances. The testimony of her witnesses, however, was sufficiently impeached so that the question of their credibility became a matter for the jury to decide. Apparently the jury chose to disbelieve the caveatee's evidence, and, believing that of the caveators, drew therefrom the legitimate inference that there was undue influence. That there was sufficient evidence to support the inference cannot be denied. The judgment of the court below is accordingly affirmed.

Affirmed.

1. Barbour v. Moore, 1897, 10 App.D.C. 30, 46.