## FLOCKER v. DI GENNARO et al.
### No. 10528.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 6, 1950.

Decided Jan. 4, 1951.

James P. Donovan and Ralph A. Cusick, Washington, D. C., for appellant.

Harry L. Ryan, Jr., Washington, D. C., with whom Joseph D. Di Leo, Washington, D. C., was on the brief, for appellees.

Before PRETTYMAN and BAZELON, Circuit Judges, and GRONER, Circuit Judge (retired).

PRETTYMAN, Circuit Judge.

This is a will contest. Vincent Di Gennaro was an elderly Italian who had owned and operated for many years a small grocery store in the District of Columbia. The premises upon which the store and his home were located were his only property. For some twenty-five years prior to his death his daughter Angelina had cared for him. He had a number of other children. About a year before his death a friend summoned a lawyer, to whom he ex-plained his desires in respect to a will. He wanted Angelina to have the real es-tate; he wanted his other children to have small cash bequests; but he did not want the real estate sold for the latter purpose. The lawyer suggested that the property be left by will to Angelina and that a letter be addressed to her, explaining her father's wish that her brothers and sisters have small amounts and asking her to make every possible effort to arrange such amounts but only if it could be done with-out selling the property. Mr. Di Gennaro approved this plan. The lawyer prepared, at his office, a will and a letter.

On a later day the lawyer returned to Mr. Di Gennaro's home. Two witnesses, a Mr. Saitta and a Mr. Lee, were present. Mr. Di Gennaro could speak English, somewhat brokenly but understandably. He could not write it. The lawyer, in the presence of the two witnesses, read the will to Mr. Di Gennaro, paragraph by par-agraph. Then Mr. Saitta, who was an Italian, explained it in Italian. At the same time the letter was read. Mr. Di Gennaro then signed the will, with his mark, in the presence of the two witnesses, and at his request and in the presence of each other they signed as witnesses. The letter was similarly signed and witnessed.

After Mr. Di Gennaro died Angelina offered the will for probate, Mr. Saitta and Mr. Lee appeared and attested it, and the adult heirs consented in writing to pro-bate. A guardian ad litem for the one minor heir recommended probate. A pro-bate order was duly entered by the Dis-trict Court. About five months later eight of the adult heirs who had consented to the probate, and the infant heir, filed a caveat upon many grounds. Five issues were framed: (1) Was the paper writing the last will and testament of Mr. Di Gen-naro? (2) Was it executed and attested in due form? (3) Was the testator of sound and disposing mind capable of mak-ing a will? (4) Was there fraud? (5) Was there undue influence? Trial was had before a jury. The two attesting wit-nesses and the lawyer testified. The court directed the answer "No" to the second issue, holding that upon the evidence the

will was not duly executed and attested. Thereupon the court revoked the probate.

Appellee-caveators say that Mr. Lee, testifying, became confused on cross examination and so his testimony was entitled to no weight. We find no merit in that contention. Counsel tried to pin-point Mr. Lee as to the order in which the three persons signed the will. That he could not do so reflects honesty rather than confusion. The great probability is that a perfectly candid witness, pressed upon so minute a detail of an event two and a half years before the questioning, would say, as Mr. Lee said, that frankly he did not remember the order in which they signed. There was no doubt whatever that the three persons signed, upon the same occasion, in the presence of each other, and after discussion of the contents of the will.

Appellee-caveators next say the testimony of Mr. Saitta showed that Mr. Di Gennaro wanted to leave $200 to each child. Hence they argue that the will leaving the sole property to Angelina was not his will. We find no merit in that contention. In the first place, despite persistent inquiry, Mr. Saitta was trying to make clear exactly the same thing the lawyer-witness later made clear beyond question, that Mr. Di Gennaro wanted the real estate to go to Angelina, that he wanted each child to have $200, but that he did not want the property sold; and he had no property except the real estate. The matter was not confused as we see it. The testator had a plain wish which by force of circumstances he had to leave to the good faith and capacity of Angelina. The papers are perfectly clear to that effect. In the next place, if there was any shadow of confusion in the testimony of Mr. Saitta, there was none in the lawyer's. Even if full effect were given to everything appellees say about confusion in Mr. Saitta's testimony, the question would still be one for the jury. In the last place the face of the will is wholly unambiguous. That being so, parol evidence cannot be received to show that testator meant something else.

 We have no doubt as to the due execution of the will, proven, in our view, beyond dispute.

Upon the trial the court held that the caveatee, proponent of the will, must prove execution. It based its view upon National Safe Deposit Savings & Trust Co. v. Heiberger.[1] But that case dealt with a caveat filed and brought to hearing before probate. The court there held that there must be proof of due execution before probate could be had, since the statute expressly so provided. But in the case at bar the will had been admitted to probate before the caveat was filed. The applicable statute provides, in pertinent part, that "The record of any will * * * which shall have been admitted to probate * * * shall be prima facie evidence of * * * due execution of such wills * * *."[2] Caveatee was entitled to rely upon the record of the probate as her prima facie proof of due execution.

Reversed and remanded for further proceedings in accordance with this opinion.

---

1. 1902, 19 App.D.C. 506.

2. 25 Stat. 246 (1888), D.C.Code, § 14—403 (1940).