J. Benjamin SIMMONS, Caveatee, Appellant,

v.

Elsie M. PINNEY et al., Caveators, Appellees.

No. 20303.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 5, 1967.

Decided March 24, 1967.

Mr. Raymond L. Poston, Jr., Washington, D. C., for appellant.

Mr. Joseph J. Malloy, Washington, D. C., for appellees.

Before BASTIAN, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

■ The District Court order appealed from, denying probate to a will, was entered upon a jury finding of undue influence by a principal beneficiary. The conduct of the trial itself, including the instructions given to the jury, is not the subject of any serious exception here.[1] What is vigorously urged is that, in the light of the policy favoring free and untrammeled disposition of property upon death and the consequent burden borne by one who challenges a will made by a competent testator,[2] this case should not have been permitted to go to the jury at all, and that, in any event, the jury finding should have been set aside, there having been timely motions made in these two respects.

■ We have concluded not to interfere with either the utilization of a jury in this case or the result reached by it. A survey of the relevant cases in this jurisdiction shows a recognition by this court of the infinite variety of the facts giving rise to them, so that exact comparison of the results is difficult, if not impossible.[3] While we might feel that a finding of undue influence was far from compelled on this record, we cannot say that it was an abuse by the trial court to put the issue before the jury and to abide by the product of its deliberations.

Affirmed.

[1] It is said the trial judge erred in (1) permitting too much testimony to come in on assertedly abusive actions by the decedent towards one of her heirs-at-law, and (2) commenting, in a misleading and prejudicial manner, upon the evidence adduced as to the principal beneficiary's role in the preparation and execution of the will. Our examination of the record does not lead us to view these matters in the way urged by appellant.

[2] See Wiggins v. Smith, 87 U.S.App.D.C. 112, 183 F.2d 831 (1950); Barry v. American Security & Trust Co., 77 U.S. App.D.C. 351, 135 F.2d 470 (1943); Duckett v. Duckett, 77 U.S.App.D.C. 303, 134 F.2d 527 (1943); MacMillan v. Knost, 75 U.S.App.D.C. 261, 126 F.2d 235 (1942).

[3] *Compare* Fowler v. Guschewsky, 95 U.S. App.D.C. 323, 221 F.2d 878 (1955); Dewey v. Dewey, 90 U.S.App.D.C. 298, 195 F.2d 779 (1952); Wiggins v. Smith, 87 U.S.App.D.C. 112, 183 F.2d 831 (1950); Duckett v. Duckett, 77 U.S.App.D.C. 303, 134 F.2d 527 (1943) *with* Healey v. Walsh, 105 U.S.App.D.C. 192, 265 F.2d 384 (1959); Tomlinson v. Harver, 93 U.S. App.D.C. 135, 208 F.2d 46 (1953); Mann v. Cornish, 87 U.S.App.D.C. 110, 185 F.2d 423 (1950); Barry v. American Security & Trust Co., 77 U.S.App.D.C. 351, 135 F.2d 470 (1953) *and with* Beyer v. LeFevre, 186 U.S. 114, 22 S.Ct. 765, 46 L.Ed. 1080 (1902), reversing 17 App.D.C. 238 (1900); MacMillan v. Knost, 75 U.S. App.D.C. 261, 126 F.2d 235 (1942); Brooke v. Barnes, 61 App.D.C. 161, 58 F.2d 887 (1932); Palmer v. Strohecker, 60 App.D.C. 312, 53 F.2d 924 (1931).