**Chauncie Caroline CURTIS, Appellant,**

v.

**Millie B. CURTIS.**

**No. 72–1649.**

United States Court of Appeals,
District of Columbia Circuit.

July 12, 1973.

Rehearing Denied Aug. 8, 1973.

---

William F. Reed and Robert J. Stanford, Washington, D. C., were on the brief for appellant.

Henry M. Fowler and Albert F. Beasley, Washington, D. C., were on the brief for appellee.

Before FAHY and BASTIAN, Senior Circuit Judges, and WILKEY, Circuit Judge.

WILKEY, Circuit Judge:

This case arises on appeal from a judgment entered against the plaintiff in an action to contest the validity of the will of Howard J. Curtis. Appellant's major contention below was that the signature on the will was a forgery. On appeal, she complains that the District Court erred in placing on her the burden of proof as to that issue. We conclude that the burden was correctly allocated and that the judgment should be affirmed.

Howard J. Curtis died on 28 February 1970, domiciled in the District of Columbia. His widow, Millie B. Curtis, subsequently petitioned for probate of a writing dated 6 July 1969. This document in the nature of a last will and testament named her as executrix and sole beneficiary. On 4 June 1970 the court entered an order in Administration No. 920–70 admitting the will to probate and record. On 4 December 1970 appellant Chauncie Caroline Curtis (the surviving mother of decedent) filed this action, pursuant to 18 D.C.Code § 509 (1967), alleging forgery and seeking revocation of probate. The matter came on for trial, testimony at which included that of the witnesses to the will and of handwriting experts for both sides. The court found for defendant, entered judgment on 24 February 1972 confirming admission of the will to probate and record, and on 22 March 1972 denied plaintiff's motion for a new trial.

■ ■ The District Court did require the defendant-caveatee to proceed first in order of proof with evidence of due execution. However, the ultimate burden of persuasion was placed on the plaintiff-caveator. At the conclusion of its memorandum accompanying an order denying caveator's motion for a new trial, the court said:

It was the plaintiff's burden to prove her allegation that the signature on the Will was forged. Brosnan v. Brosnan. 263 U.S. 345 [44 S.Ct. 117, 68 L.Ed. 332] (1923). Clearly, the plaintiff failed to meet this burden.

Appellant contends that this allocation of the ultimate burden of proof was error. She refers to the general proposition, which is beyond dispute, that the burden of proving the formal execution

of a will rests in the first instance upon the proponent of the will. Patten v. Pinckney, 60 App.D.C. 224, 50 F.2d 989 (1931); 3 Bowe-Parker: Page on Wills § 29.16, p. 433 (3rd ed. 1961). Indeed, as appellant notes, even in the absence of a challenge or caveat, a will may not be admitted to probate and record except upon formal proof, presented by the will's proponent, of proper execution. 18 D.C.Code § 504 (1967); National Safe Deposit, Savings and Trust Co. v. Heiberger, 19 App.D.C. 506 (1902).

To support its placement of the burden of persuasion on the caveator, despite this general principle, the District Court relied on Brosnan v. Brosnan, 263 U.S. 345, 44 S.Ct. 117, 68 L.Ed. 332 (1923). However, as appellant-caveator aptly observes, that case deals with the special circumstance of a challenge to the mental capacity of the testator. Due formal execution of the will was assumed—and there was no indication that the court even considered altering the proponent's initial burden in that respect. The Brosnan case's exception to the general rule "rests upon the ancient presumption in reference to sanity." 263 U.S. 345, 349, 44 S.Ct. 117, 118, 68 L.Ed. 332 (1923). For obvious reasons, there is no corresponding initial presumption of due execution or absence of forgery. Therefore, the allocation of the ultimate burden of persuasion to the plaintiff-caveator could not be supported by the authority cited by the District Court.

■■ On the other hand, there is an additional exception to the general rule concerning the proponent's burden. Once the proponent of a will has met his initial burden, and the will has been admitted to probate and record, subsequent caveators must bear the ultimate burden of proof as to execution. Here, the will had already been admitted to probate, presumably following appropriate notice and proof—so the burden was properly allocated in this case.

■■ It has been established in the District of Columbia that the burden of going forward, in a will contest originat-ing after initial admission to probate, shifts once the record of that admission is introduced. As this court said in Flocker v. Di Gennaro, a caveatee is "entitled to rely upon the record of the probate as . . . prima facie proof of due execution." 88 U.S.App.D.C. 133, 187 F.2d 513, 514 (1951). Since the statute requires prima facie proof of due execution prior to admission to probate, even absent a caveat, it seems only fair to spare the proponent of a will from the necessity of repeatedly reoffering such proof after the initial production burden has been met.

As to the ultimate burden of persuasion, which was placed on the caveator by the District Court in this case, the law of the District of Columbia is less clear. Since the court in the Flocker case felt that due execution was "proven . . . beyond dispute," it did not speak specifically to the issue of allocating the risk of non-persuasion. Further, if a will has not been challenged before admission to probate, it could be argued that the proponent, while having once met his production burden, has not yet been put to the test of overcoming contrary evidence.

Despite the lack of a clear District of Columbia precedent on point, both the weight of authority in other jurisdictions and general policy considerations compel the conclusion that, once a will has been admitted to probate, the ultimate burden of persuasion even as to execution rests on the caveator. 57 Am.Jur., Wills, Sec. 856, p. 570; 3 Bowe-Parker: Page on Wills § 29.13, pp. 426–27 and § 29.16, p. 435 (3rd ed. 1961). In a contest after probate, the contestant is in the procedural position of the moving party. Hoping to establish a case strong enough to compel revocation of the admission to probate, the plaintiff-caveator is the party seeking to change the status quo. Further, allocating the burden to contestants after admission of the will to probate has the beneficial effect of encouraging early caveats, thereby decreasing uncertainty. While an heir who consents to admission to probate does not

thereby jeopardize his right to later bring a caveat under 18 D.C.Code § 509, delay in contesting due execution does affect the allocation of the burden of persuasion as to that issue. Accordingly, the judgment of the District Court is

Affirmed.

FAHY, Senior Circuit Judge, concurring:

I agree we should affirm but I reach this result by the route now explained. The court, as the trier of fact, found, as appears in its judgment of February 24, 1972.

> . . . that the paper writing in question, dated July 6, 1969, was signed by Howard J. Curtis as his Last Will and Testament in the presence of the witnesses thereon, and the Court believes that the witnesses who appeared in court and testified that they did sign the Will as witnesses at the request of and in the presence of the said Howard J. Curtis were credible witnesses, and concludes as a matter of law that the paper writing dated July 6, 1969, is the Last Will and Testament of Howard J. Curtis, and finds for the caveatee.

In its denial of appellant's motion for a new trial, the court further explained its decision as follows:

> Three witnesses at the trial testified that they saw the testator sign the will while seated at his desk in a bedroom of his home. Two of them testified that they signed the will as attesting witnesses at the request of the testator, in his presence, and in the presence of each other.

> The court applied to these three witnesses the usual criteria for assessing credibility. They impressed the court as being truth telling individuals who stated fairly and frankly what they knew to be so.

\* \* \* \* \* \*

The court in comparing the signature on the will with the admittedly genuine specimens of handwriting on the aforementioned checks was and is convinced that the will was indeed signed by Howard J. Curtis.

\* \* \* \* \* \*

The court considered with all due care the testimony as to the background, training and experience of each handwriting expert and all the reasons given by him in support of his opinion as well as the other evidence in the case favoring or opposing such opinion. The court was not persuaded of the soundness of the opinion expressed by plaintiff's two handwriting experts that the signature on the will is a forgery.

It was the plaintiff's burden to prove her allegation that the signature on the will was forged. Brosnan v. Brosnan, 263 U.S. 345 [44 S.Ct. 117, 68 L.Ed. 332] (1923). Clearly the plaintiff failed to meet this burden.

The court thus found that defendant had established that the will was duly executed and attested, including the genuineness of the testator's signature. Although I agree that the caveatee as proponent of the will has the burden of proof of due execution, in the context of the court's findings I construe the statement that the plaintiff failed to sustain her burden as indicating only that the court found plaintiff's evidence insufficient to overcome the persuasiveness of the caveatee's evidence of due execution.[1]

---

1. I have considered appellant's contention, first raised in her motion for a new trial, and based on an alleged physical characteristic of the testator's signature in relation to the typed attestation clause. I am not persuaded the court erred in denying the motion.