Timothy WOOD and Anthony
Wood, Appellants,

v.

Larry MARTIN and Mildred
W. Vaughn, Appellees.

No. 92–PR–1377.

District of Columbia Court of Appeals.

Argued Feb. 16, 1994.
Decided April 21, 1994.*

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on April 21, 1994. It is now being published with minor editorial revisions by direction of the court.

Gary M. Sidell, Washington, DC, for appellants.

Willie Faye Garrett, Washington, DC, for appellee Martin.

Paul J. Riley, Washington, DC, for appellee Vaughn.

Before TERRY and FARRELL, Associate Judges, and MACK, Senior Judge.

PER CURIAM:

Appellants, who initiated suit to challenge their father's will, appeal the trial judge's grant of appellees' motion for directed verdict on the issue of due execution of the will. Appellants attempted to rebut the presumption of due execution by presenting evidence that the testator (their father) could not read, that he misidentified his son in the will, and that he made an unnatural disposition of his bounty. Although appellants alleged undue influence and their father's lack of testamentary capacity, they presented no evidence pertinent to these claims; thus, even viewing the evidence in its light most favorable to appellants, they failed to establish a prima facie case. *See Marshall v. District of Columbia,* 391 A.2d 1374 (D.C.1978); Super.Ct.Civ.R. 50(a). Therefore, we affirm the trial judge's grant of appellee's motion for directed verdict.

██ Evidence was presented at trial establishing that the will was properly signed and executed, giving rise to the presumption that testator knew the contents of the will regardless of his inability to read. *See Mann v. Cornish,* 87 U.S.App.D.C. 110, 111, 185 F.2d 423, 424 (1950); *Lipphard v. Humphrey,* 209 U.S. 264, 269, 28 S.Ct. 561, 563, 52 L.Ed. 783 (1908). The fact that the testator misidentified one of his sons as his "grandson" in the will, and bequeathed the bulk of his assets to his nephew rather than to his own children, is not sufficient, in the circumstances of this case, to rebut the presumption that the testator knew the contents of the will he duly executed. *See Mann, supra.*

██ This presumption "must prevail in the absence of proof of fraud, undue influence, or want of testamentary capacity attending the execution of a will." *Lipphard, supra,* 209 U.S. at 270, 28 S.Ct. at 563. Appellants presented no evidence of fraud, undue influence or lack of testamentary capacity to rebut the presumption, *see Lipphard, supra,* 209 U.S. at 270, 28 S.Ct. at 563–64; therefore, the grant of directed verdict was proper. *See Himmelfarb v. Greenspoon,* 411 A.2d 979, 981 (D.C.1980).

*Affirmed.*[1]

---

1. Appellants also claimed that the will lacked validity because the attesting witnesses' signatures appeared on the page following the page upon which testator's signature appeared. However, appellants presented no evidence indicating that the page including the witnesses' signatures was not attached to the other two pages of the

---

will. *See In re Lee's Estate,* 80 F.Supp. 293, 294 (D.D.C.1948).