In re ESTATE OF Sarah Ellen HENNEGHAN; Gerald Henneghan, Appellant.

No. 11–PR–360.

District of Columbia Court of Appeals.

Submitted April 12, 2012.
Decided June 14, 2012.
Amended June 21, 2012.

Gerald Henneghan, pro se.

Gloria Johnson, for appellee Personal Representative Donna Washington.

Before WASHINGTON, Chief Judge, BLACKBURNE–RIGSBY, Associate Judge, and FERREN, Senior Judge.

BLACKBURNE–RIGSBY, Associate Judge:

*Pro se* appellant, Gerald Henneghan, appeals the probate court's February 22, 2011 Order admitting Sarah Henneghan's ("decedent") will into probate. Appellant's brief makes several arguments on appeal,[1]

---

1. In his brief, appellant also appears to allege that: (1) the probate court acted outside its scope of authority in allowing appellee, Don- na Washington, to act as an interested party, to file a petition for abbreviated probate, and to be appointed as the estate's personal repre-

but we focus on appellant's contention that the probate court erred in admitting the will into probate because the will lacked proper attestation and, therefore, was not duly executed. Specifically, appellant argues the submitted will contained only one witness' signature, but the statute requires that "two or more witnesses [must] attest[ ] and subscrib[e] to the will in the testator's presence[,]" *see* D.C.Code §§ 18–103 & 20–312 (2001), and affidavits from other non-witnesses regarding the decedent's testamentary intent cannot serve as a substitute for this statutory requirement. We, thus, agree with appellant that the probate court erred in admitting the will to probate and, accordingly, reverse and remand this case to the probate court.[2]

## I.

Appellant's mother, Sarah Henneghan, died on June 17, 2010, leaving an estate worth approximately $273,134.00.[3] On June 22, 2010, appellant filed an intestate petition with the probate court to become co-personal representative with his brother, Godfrey Henneghan, of their mother's estate. Appellant's petition contended that his mother's will was invalid because it was improperly executed, and was accompanied by a photocopy of the decedent's will containing only her signature and a notary seal to substantiate his claim. The will, thus, lacked the signatures of two or more witnesses signed in the testator's presence, as required by statute. The probate division approved the intestacy petition initially, agreeing that the photocopy of the will was void pursuant to D.C.Code § 18–103 because it was not "attested and subscribed in the presence of the testator, by at least two credible witnesses." However, a day later, appellee, Donna Washington, filed a Petition for Abbreviated Probate of the decedent's estate. Appellee attached the original copy of the will to the petition, asked the probate court to admit the will into probate, and asked the probate court to name appellee as personal representative of the estate, pursuant to the decedent's will.

Upon discovering that two petitions had been filed on the same estate, the probate court set aside the appointment of appellant and his brother as co-personal representatives of the decedent's intestate estate, pending the court's ruling on the subsequent petition by appellee. During a

sentative; and (2) that the probate court perpetrated fraud and discrimination against appellant based on his race. We need not specifically address these arguments since we conclude, on other grounds, that the probate court erred in admitting the decedent's will to probate. Further, appellant's second additional claim lacks merit because he fails to provide any evidence of the probate court's alleged fraud and discrimination.

2. Appellee filed a Motion to Dismiss appellant's appeal on November 30, 2011, alleging appellant failed to follow the rules of this court and serve pleadings on all parties. We denied the motion on December 23, 2011, allowing appellant, as a *pro se* litigant, some leeway regarding pleading and service of process requirements. *See MacLeod v. Georgetown Univ.*, 736 A.2d 977, 979–80 (D.C.1999).

Appellee filed a second Motion to Dismiss on April 10, 2012, alleging that appellant has continued to flout the rules of this court. However, the motion lacked specificity regarding how appellant had violated or failed to follow the court rules. Based on these unspecified grounds, as well as appellant's April 20, 2012 response to the second Motion to Dismiss denying any allegations of wrongdoing, we again deny appellee's Motion to Dismiss, and address the merits of this appeal.

3. The decedent's estate consisted of $31,354.00 in cash, two automobiles worth $25,000.00 and $500.00, real property at 5814 Clay St., Northeast, Washington, D.C. worth approximately $214,780.00, and home furnishings estimated at $1,500.00.

separate August 26, 2010 hearing, the probate court appointed a special administrator to manage the estate in the interim.[4] After managing the estate for approximately six months, the special administrator recommended that the will be admitted into probate. The probate court issued an order on February 22, 2011, admitting the decedent's will into probate under an abbreviated probate petition, pursuant to D.C.Code § 20–312(b)(2), after receiving the sworn affidavits of four individuals purporting to have personal knowledge of the circumstances surrounding the execution of the decedent's will.[5] This appeal followed.

## II.

■ "In considering an order or judgment from the probate division where the case was [a bench trial], this court may review both as to the facts and the law, but the judgment may not be set aside except for errors of law unless it appears that the judgment is plainly wrong or without evidence to support it." *In re Estate of Sato*, 878 A.2d 1247, 1250 (D.C.2005) (internal quotation marks and citation omitted). Under general probate principles, a testator must comply with statutes regulating due execution of the will, or the testator's intent, expressed by will, has no legal effect and is ignored by the courts. *See* 2 JEFFREY A. SCHOENBLUM, PAGE ON THE LAW OF WILLS § 19.4, at 12 (2d ed.2003). Almost all states require, by statute, that a duly executed will be signed by the testator, and attested to and subscribed by a

certain number of witnesses in the testator's presence. *See* SCHOENBLUM, *supra*, § 19. 4, at 17; D.C.Code § 18–103 (stating that a will in the District of Columbia is void unless: (1) in writing and signed by the testator, or by another person in his presence and by his express direction; and (2) attested and subscribed in the presence of the testator, by at least two credible witnesses). And so, unless both requirements are fully satisfied, the will is invalid. *See* SCHOENBLUM, *supra*, §§ 19.4, at 13 & 19. 75, at 144.

■ The purpose of requiring strict statutory compliance is for the court to be certain that the testator had a definite and complete intention to pass along his or her property, and to prevent fraud, perjury, mistake, and the chance of one instrument being substituted for another. *See* SCHOENBLUM, *supra*, § 19. 4, at 12; *see also In re Lee's Estate*, 80 F.Supp. 293, 294 (D.D.C.1948) ("While [the testator] intended the paper-writing to be her [w]ill and the intention of a testat[or] is entitled to great weight, nevertheless the intention of the testat[or] is not to be considered where the writing fails to comply with the requirements of the statute."). The question of whether the due execution requirement set forth in D.C.Code § 18–103(2) can be substituted or be replaced by the abbreviated probate due execution presumption language of D.C.Code § 20–312(b)(2) is a question of law which we review *de novo*. *See In re Estate of Sato*, *supra*, 878 A.2d at 1250. We "look [to] the language of the

---

4. An order, signed September 17, 2010, permanently set aside appellant's appointment as co-representative of the decedent's estate.

5. In total, appellee submitted four affidavits: (1) Ralph O. Turner, who was not asked to be a witness but who was in the same building as the notary public at the time the decedent had her will notarized; (2) Fred N. Moses, the decedent's brother who stated that he spoke

with her many times regarding the finalization of her will; (3) appellee, Donna Washington, who stated that the decedent had told her that she had finalized her will; and (4) Eugenia Robinson, who was not a witness to the will, but stated that she was present in the open reception area and saw the decedent execute her will.

statute[s] by [themselves] to see if the language is plain and admits of no more than one meaning while construing the words in their ordinary sense and with the meaning commonly attributed to them." *Dobyns v. United States,* 30 A.3d 155, 159 (D.C.2011) (quoting *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C.1983) (en banc)) (internal quotation marks omitted).

■ We begin by examining the language of D.C.Code § 18–103, which states that a will is properly executed *only* if it: (1) is in writing and signed by the testator (or by another person in the testator's presence and by his or her express direction); and (2) is attested to and subscribed by at least *two* credible witnesses in the presence of the testator.[6]  *See, e.g., Billings v. Woody,* 83 U.S.App.D.C. 219, 219, 167 F.2d 756, 756 (1948) (per curiam) ("[W]e think the validity of a will should not depend upon who signs it first; provided, of course, [the testator and two credible witnesses] sign at substantially the same time and in each other's presence, which they did here."); *Patten v. Pinkney,* 60 App.D.C. 224, 225, 50 F.2d 989, 990 (1931) (concluding that portions of the will later added by the testator after the witnesses had already signed the document were void).  Here, appellee concedes the will was not attested to and subscribed by two witnesses in the presence of the decedent; rather, the purported will only bore the decedent's signature and the raised seal of a notary public.  However, appellee argues that the will is nonetheless valid, because, in the context of an abbreviated

probate proceeding pursuant to D.C.Code § 20–312(b)(2), the requirements for due execution, under D.C.Code § 18–103, can be satisfied by affidavits from individuals with personal knowledge of the circumstances surrounding the will's execution, even if they were not attesting witnesses to the will.[7]  In the probate court's February 22, 2011 Order, the court apparently relied on this reasoning in admitting the will into probate.

We are not persuaded by this reading of D.C.Code § 18–103 and D.C.Code § 20–312, and conclude that affidavits from non-attesting witnesses, who cannot verify that they witnessed two attesting witnesses sign the will in the presence of the testator, fail to satisfy the statutory requirements for due execution of a will, pursuant to D.C.Code § 18–103(2).  Section 18–103 is unequivocal in its language that a will is void unless both due execution requirements are met.  *See In re Estate of Hall,* 328 F.Supp. 1305, 1311 (D.D.C.1971) (applying D.C. law and finding no due execution, even though the testator and two witnesses signed the will, because the court could not be certain that the signatures occurred contemporaneously).  The will must be in writing and signed by the testator (or by another person in his presence and by his express direction), and must be attested and subscribed in the presence of the testator, by at least two credible witnesses.  Nothing in the plain language of D.C.Code § 20–312 leads us to the conclusion that its provisions were intended to serve as a substitute for these requirements.

---

**6.** An exception is provided for nuncupative wills executed under D.C.Code § 18–107 (2001), which is not relevant for our discussion.

**7.** Section 20–312(b)(2) states that, in the case of a petition to admit a will in an abbreviated probate proceeding, due execution of the

will is presumed and may be admitted into probate "upon the verified statement of any person with personal knowledge of the circumstances of execution, whether or not the person was in fact an attesting witness, reciting facts showing *due execution of the will.*" (Emphasis added).

Moreover, D.C.Code § 20–312's purpose was to streamline the abbreviated probate process by permitting, in certain circumstances, the verified statements of individuals with personal knowledge of the circumstances surrounding the *due execution* of a will, to substitute for the testimony of witnesses who actually attested and subscribed to the will in the presence of the testator. Here, the affidavits supporting the probate petition fail to satisfy the provisions of D.C.Code § 20–312, because none of the affidavits were statements evidencing *due execution* of the will, as required under the statute. As such, the decedent's will was void because it lacked the signatures of two attesting witnesses subscribed in the presence of the testator, and the probate court's reliance on D.C.Code § 20–312, in admitting the will into probate, was erroneous. *See* SCHOENBLUM, *supra*, § 19. 4, at 12. Accordingly, we reverse the February 22, 2011 Order and remand to the probate court for proceedings consistent with this opinion.

*So ordered.*