472

Ernest T. GEARHEART, Jr., Administrator of the Estate of Henrietta A. Zahn, deceased, Plaintiff,

v.

BANK OF COMMERCE & SAVINGS OF WASHINGTON, D. C., Defendant.

No. 4120–55.

United States District Court
District of Columbia.

Feb. 17, 1956.

Harry Calevas, Washington, D. C., for plaintiff.

Raymond F. Garrity, Francis J. Ferguson, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on to be heard on motions of plaintiff for summary judgment and of defendant to require the plaintiff to secure ancillary letters of administration in the District of Columbia.

Plaintiff's decedent, a resident of Virginia, died on January 1, 1955. Plaintiff qualified as administrator of her estate in Virginia. An asset of the estate, the sum of $8,065.65, is on deposit to decedent's credit in a savings account at the Bank of Commerce & Savings of Washington, D. C., defendant, in the District of Columbia.

More than six months after decedent's death, plaintiff alleges, no will had been filed for probate and no executor or administrator had been appointed in the District of Columbia, nor was an application pending, and no claims had been filed against the estate in the District of Columbia. Subsequently, plaintiff requested defendant to pay to him those funds deposited to the credit of decedent plus accrued interest. Defendant has refused to so do unless and until plaintiff petitions the United States District Court for the District of Columbia for ancillary letters, or posts with defendant an undertaking with surety to the amount of the funds involved. Plaintiff did neither, and on September 19, 1955 brought an action to recover the amount on deposit with interest at the established rate until the date of demand, August

2, 1955, and with interest at 6% thereafter.

█ The Court recognizes that each jurisdiction is empowered to protect its own residents regarding payment of their claims against the estate of a decedent. Local assets may, by statute, be withheld for a reasonable time to permit local creditors to secure payment of their claims in a convenient forum. D.C. Code § 18–501 (1951) provides that upon death of any person not domiciled in the District of Columbia at the time of his death, so much of his real and personal estate in the District as may be necessary to pay just claims of creditors and persons domiciled in the District of Columbia, shall be the subject of administration under authority of the probate court, irrespective of the personal estate of decedent in his place of domicile or elsewhere. The rights so afforded are limited by a clause which reads:

> "*Provided*, The prosecution of such claims is begun in said court within six months after the death of such decedent."

█ It thus appears that Congress intended for local creditors to have protection for a limited period of time from the inconvenience which attaches to pursuing their claims against a non-resident decedent. When the six months expires, however, even though their claims are not barred, resident creditors no longer are afforded this protection but must go to the decedent's domicile to settle their claims.

The statute facilitates equitable administration of estates. While granting initially to those domiciled in the District, and having just claims against a nonresident decedent, a ready method to assert their rights, it also prevents cumulative administrative costs which deplete an estate after a reasonable time has elapsed in which such rights could have been asserted. This being so, a resident debtor must honor the demands of the domiciliary fiduciary after the expiration of six months when no local creditors have asserted claims within this time. The quasi-lien having terminated, decedent's estate should not be depleted in any way by being subjected to the additional costs attendant upon separate administration and/or the posting of security.

The Court being satisfied that plaintiff need not secure ancillary letters of administration in the District of Columbia, it is this 17th day of February, 1956,

Ordered that plaintiff's motion for summary judgment be and the same hereby is granted.