## SACKETT, CHAPMAN, BROWN & CROSS et al. v. OSGOOD.

### No. 8897.

United States Court of Appeals
District of Columbia.

Argued March 21, 1945.

Decided April 30, 1945.

Mr. Joseph A. Cantrel, of Washington, D. C., for appellants.

Mr. James C. Rogers, of Washington, D. C., with whom Mr. Arthur J. Phelan, of Washington, D. C., was on the brief, for appellee.

Before GRONER, C. J., and MILLER and EDGERTON, JJ.

GRONER, C. J.

Rose O. Brillhart, a resident of New York, died in that State August 16, 1941. Appellee was appointed and qualified as administrator c.t.a., February 10, 1942. A small part of the estate was in New York, but the greater part in the District of Columbia. The total was insufficient to pay debts and the costs of administration. In November, 1942, appellee was granted ancillary letters in the District of Columbia, and in due course converted the estate here into money, and, after the payment of expenses, asked the probate court to permit him to distribute the balance to himself as domiciliary administrator. However, the court ordered him to give notice to all known creditors who have not proved their claims in the District, and, upon proof of their claims, to allow them to participate equally with other creditors of the estate. There are no local creditors, but in June, 1942, appellants, one of New York, and the other of Pennsylvania, filed their claims with the Register of Wills in the District of Columbia. Claims of approximately forty creditors had previously been filed in the domiciliary jurisdiction, including those of the two creditors who also filed in the District. Section 18—501 of the 1940 District of Columbia Code provides: "On the death of any person not domiciled in the District of Columbia at the time of his death so much of his real and personal estate in the District of Columbia as may be

necessary for the payment and discharge of just claims against him of creditors and persons domiciled in the District of Columbia shall also be the subject of administration under authority and direction of the probate court, irrespective of the personal estate of such decedent at his place of domicile or elsewhere: *Provided,* The prosecution of such claims is begun in said court within one year after the death of such decedent."

■ Appellants insist that this section of the local law establishes creditors' rights against non-resident decedents, and limits the period in which claims must be prosecuted in the probate courts of the District. The one year period provided in the statute, appellants assert, can mean only that, unless creditors in an ancillary proceeding file in the local court within one year after the death of the decedent, their claims are barred and the court is without jurisdiction. Appellants' position, therefore, is that the court's order is erroneous, in that it authorizes creditors who have timely filed in New York to file locally, notwithstanding more than a year has passed since the death of the testatrix. But Section 18—501 is by its terms a statute for the protection of local creditors of a non-resident decedent having an estate in the District of Columbia, and is intended to provide such local creditors a means of enforcing payment through administration in the District Probate Court.[1] Here, as there are no creditors or persons domiciled in the District holding claims, the section has no applicability.

If appellants' position were correct, the result would be that the greater part of the estate would be absorbed in the payment of two non-domiciliary claims filed in the ancillary proceedings, with the consequent non-payment of thirty-five or forty other claims of creditors who had filed only in the original proceedings. The statement of this proposition is enough to condemn it.

■ Accordingly, in the facts of this case and lacking a controlling statute, the correct rule in the administration of an insolvent estate is to marshal the assets and distribute them ratably among creditors of the same class, irrespective of their source, and this rule the probate court correctly applied.[2] And to this we may add that, since here there are no locally domiciled creditors, the probate court might, in its discretion, have ordered the funds in the hands of its administrator to be transmitted to the domiciliary administrator, even though some creditors from other States have presented their claims locally.[3]

■ In the latter respect the court below, for reasons which are not shown on the record before us, may have felt that there were advantages in requiring local administration and distribution of the local fund. In this uncertainty we are not disposed to disturb the order appealed from, though we think, in the interests of economy of administration and in consideration of the fact that many of the claims filed in the domiciliary jurisdiction are small and might very properly not justify the employment of counsel and other expenses incident to local filing, that the wiser and better course would be to remit the local fund to the domiciliary administrator for distribution; and to that end we suggest to the probate court that the ancillary administrator's "First and Final Account" be re-examined to determine whether acceptance thereof may not provide a safer and more economical disposition of the matter. Our affirmance may be considered as subject to such action in the respect mentioned as the probate court may, on consideration, determine.

Affirmed and remanded.

---

[1] Language to the contrary which we used in Duehay v. Acacia Mutual Life Ins. Co., infra, was unnecessary for decision in that case and is overruled.

[2] In re Gable's Estate, 79 Iowa 178, 44 N.W. 352, 9 L.R.A. 218; Dow v. Lillie, 26 N.D. 512, 144 N.W. 1082, L.R.A. 1915D, 754; In re Hanreddy's Estate, 176 Wis. 570, 186 N.W. 744; cases cited in Note, 44 A.L.R. 801; 1 Woerner, American Law of Administration (3d Ed. 1923) § 167; 3 Beale, Conflict of Laws (1935), §§ 496.1, 501.1, 502; Goodrich, Conflict of Laws (2d Ed. 1938) § 188; cf. Duehay v. Acacia Mutual Life Ins. Co., 70 App.D.C. 245, 105 F.2d 768, 124 A.L.R. 1268, which held that a statute which gave priority to creditors *holding District of Columbia judgments* was constitutional and did not work an unjust preference.

[3] Restatement, Conflict of Laws, § 496: "Where there are no locally domiciled creditors, a court in which ancillary administration proceedings are pending may, in its discretion, order that the funds in the hands of its administrator be transmitted to the domiciliary administrator even though creditors from other states have presented their claims locally."