**Margaret STITT, Appellant,**

v.

**Clara L. SIMPSON, Administratrix of the Estate of Cordelia M. Caldwell, deceased, Appellee.**

No. 2388.

Municipal Court of Appeals for the District of Columbia.

Argued June 8, 1959.

Decided Oct. 14, 1959.

William Reback, Washington, D. C., for appellant.

J. Robert Carey, Washington, D. C., with whom Paul J. McGarvey, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In 1956 Cordelia Caldwell, a resident of Maryland, died intestate and Clara L. Simpson was appointed administratrix of her estate. In May 1957 Clara L. Simpson was also appointed ancillary administratrix in the District of Columbia. In November 1958 the present action was brought by Margaret Stitt against the ancillary administratrix for the value of alleged services rendered to the decedent. The trial court ruled that the action was barred by Code 1951, 18–501, and granted summary judgment in favor of the ancillary administratrix. This appeal questions the correctness of that ruling.

The Code Section referred to reads as follows:

"On the death of any person not domiciled in the District of Columbia at the time of his death so much of his real and personal estate in the District of Columbia as may be necessary for the payment and discharge of just

4. Ibid. at page 815.

claims against him of creditors and persons domiciled in the District of Columbia shall also be the subject of administration under authority and direction of the probate court, irrespective of the personal estate of such decedent at his place of domicile or elsewhere: *Provided*, The prosecution of such claims is begun in said court within six months after the death of such decedent."

The general purpose of the statute is clear. It is "for the the protection of local creditors of a non-resident decedent having an estate in the District of Columbia, and is intended to provide such local creditors a means of enforcing payment through administration in the District Probate Court." Sackett, Chapman, Brown & Cross v. Osgood, 80 U.S.App.D.C. 99, 100, 149 F.2d 825, 826. See also Duehay v. Acacia Mut. Life Ins. Co., 70 App.D.C. 245, 105 F.2d 768, 124 A.L.R. 1268; Cameron v. Riggs Nat. Bank of Washington, D. C., D.C.D.C., 53 F.Supp. 56.

As before said, the general purpose of the statute is clear, but the meaning and intent of its proviso are not so clear. Is it a statutory limitation on the grant of ancillary administration? Mersch, who describes the section as "one of the queerest provisions of our antiquated code," questions whether it is such a limitation. He says: "As there is no statutory time limitation on the grant of administration on the estate of a resident-decedent, such limitation on the grant of administration of the estate of a non-resident decedent would seem to be anomalous; for the death of a non-resident decedent might more often occur long before local creditors learned of it." 2 Mersch, Probate Court Practice in the District of Columbia, § 1789 (2 ed. 1952).

However, our question is not whether the proviso places a time limitation on the grant of ancillary administration, but is whether it places a time limitation on the filing of an action by a local creditor against an ancillary administrator. As far as we can ascertain the question has never been answered. The nearest case in point is Gearheart v. Bank of Commerce & Savings of Washington, D. C., D.C.D.C., 138 F. Supp. 472, 473, decided by Judge Youngdahl. There it was held that if no local creditor asserts a claim within the six months' period, a resident debtor must honor the demands of the domiciliary fiduciary. No local creditor was there involved, but in the course of the opinion it was said:

"It thus appears that Congress intended for local creditors to have protection for a limited period of time from the inconvenience which attaches to pursuing their claims against a nonresident decedent. When the six months expires, however, even though their claims are not barred, resident creditors no longer are afforded this protection but must go to the decedent's domicile to settle their claims."

While the above language may indicate that after the six months' period a local creditor's only remedy is at the domicile of the decedent, such ruling was not necessary in that case, as it dealt not with a claim of a local creditor, but, instead, with the claim of a domiciliary administrator against a local debtor.

Whether the six months' period is a limitation on the grant of ancillary administration, or a limitation on the right of local creditors to petition for ancillary administration, or is merely a limitation on the time local debtors must retain local assets, we need not decide. But we do hold that the six months' period is not a limitation on the bringing of action against an ancillary administrator. The statute does not say that it is such a limitation and it would be illogical to so interpret it. The six months' period runs "after the death of such decedent." In the present case death occurred on December 26, 1956, and the ancillary administratrix was not appointed until May 16, 1957. If the statute be construed as appellee contends, appellant had only six weeks in which to bring her action. We do not think the statute intended such a result.

Reversed.