**In the Matter of the ESTATE OF Marjorie A. PHILLIPS;**

**Appeal of Douglas A. Woloshin.**

**No. 86–1083.**

District of Columbia Court of Appeals.

Argued Sept. 22, 1987.
Decided Oct. 26, 1987.

Lisa Rycus Mikalonis, Bethesda, Md., with whom Barry H. Gottfried, Washington, D.C., was on brief, for appellant.

Mary L. Fahey, with whom Doris D. Blazek, Washington, D.C., was on brief, for appellee.

Before NEWMAN, FERREN, and BELSON, Associate Judges.

FERREN, Associate Judge:

Douglas A. Woloshin appeals from the trial court's denial of his claim for legal fees of $16,244.46 from an estate. We reverse. The facts are undisputed. Woloshin performed legal services for Marjorie A. Phillips before she died.[1] The first notice of appointment of co-personal representatives for the Phillips estate was published on July 25, 1985, naming Laughlin Phillips and the American Security Bank. On September 6, 1985, Woloshin submitted a bill to counsel for Laughlin Phillips showing monthly fees for services before and after Mrs. Phillips' death. On December 24, 1985, counsel for Laughlin Phillips advised Woloshin that he must bill the estate directly and that Phillips and the American Security Bank must act upon the bill jointly. A copy of this letter, referring to Woloshin's total bill of $30,414.57 for services before and after Mrs. Phillips' death, went to counsel for the estate.

On January 25, 1986, six months after appointment of the personal representa-

---

**1.** Woloshin also performed legal services for the estate after Phillips' death. The fees he claimed for that period were allowed and thus are not the subject of this appeal.

tives, the statutory period for filing claims against the estate expired. D.C. Code §§ 20–903(a), –905 (1981).[2] By letter dated March 20, 1986, enclosing a Notice of Action Taken on Claim, the personal representatives informed Woloshin that they had disallowed his claim for pre-death legal fees because he had not filed it according to the formalities required by D.C.Code §§ 20–903(a) and –905. A week later, Woloshin filed a Petition for Payment of Claim with the Probate Division of the Superior Court. Judge Barnes denied Woloshin's petition.

■ On appeal, Woloshin argues that Judge Barnes failed to recognize that D.C. Code § 20–905(c) gives the trial court discretion to allow a claim, such as his, that is filed within the six-month limit but does not conform to all the formal requirements of § 20–905(a) and (b). As a consequence, Woloshin argues, Judge Barnes erred in failing to exercise that discretion to allow his claim. While agreeing that the trial court did not exercise discretion, counsel for the estate contends that the statute leaves no room for judicial discretion. Counsel concedes, however, that Woloshin did perform the services stated and that the estate would owe the amount billed if the claim had been properly filed. We

agree with Woloshin that the trial court had the discretion under D.C.Code § 20–905(c) to allow his claim and should have exercised it in Woloshin's favor. .

D.C.Code § 20–903(a)(1) (1981) requires that "all claims against a decedent's estate ... shall be barred against the estate ... unless presented within 6 months after the date of the first publication of notice of appointment of a personal representative." The parties agree that, by the time this six-month limit had expired, Woloshin's claim had not conformed to the specifications of § 20–905(a) because it had neither been verified pursuant to § 20–102 nor sent to the Register of Wills or to each of the personal representatives. Because, however, Woloshin did submit his bill for pre-death services to Laughlin Phillips on September 6, 1985, within the sixmonth period, we confront the question whether that claim was allowable, in the court's discretion, under D.C.Code § 20–905(c).

When interpreting a statute, "[w]e must first look at the language of the statute by itself to see if the language is plain and admits of no more than one meaning." *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C.1983) (en banc) (quoting *Davis v. United States,* 397

**2.** D.C.Code § 20–903(a) (1981) provides:

Except as otherwise expressly provided by statute with respect to claims of the United States and the District of Columbia, (1) all claims against a decedent's estate, whether *due or to become due,* absolute or contingent, liquidated or unliquidated, founded on contract or other legal basis, shall be barred against the estate, the personal representative, and the heirs and legatees, unless presented within 6 months after the date of the first publication of notice of the appointment of a personal representative; and (2) all claims against the estate based on the conduct of or a contract with a personal representative shall be barred unless an action is commenced against the estate within 6 months of the date the claim arose.

D.C.Code § 20–905 (1981) provides:

(a) A claimant shall present a claim against a decedent's estate by delivering or mailing, return receipt requested, a statement of the claim, verified in accordance with section 20–102:

(1) to the personal representative with a copy to the Register; or

(2) to the Register with a copy to the personal representative.

For purposes of presenting a claim within the 6–month time limits provided in section 20–903, a claim shall be deemed presented if *inadvertently it is only sent either* to the personal representative or to the Register pursuant to this section.

(b) A statement of a claim shall state:

(1) the name and address of claimant;

(2) the basis of the claim;

(3) the amount claimed;

(4) if the claim is not yet due, when the claim will become due;

(5) if the claim is contingent, the nature of the contingency; and

(6) if the claim is secured, a description of the security.

(c) The Court may, in its discretion, disallow a claim, in whole or in part, if the claimant fails to comply with subsections (a) and (b) *or with the personal representative's* reasonable requests for additional information.

A.2d 951, 956 (D.C.1979)). Subsection 20–905(c) provides:

> The Court *may, in its discretion,* disallow a claim, in whole or in part, if the claimant fails to comply with subsections (a) and (b) or with the personal representative's reasonable requests for additional information. (Emphasis added.)

Discretion to disallow implies discretion not to disallow, meaning discretion to allow. If the court did not have discretion to allow, the discretion to disallow would not be "discretion" at all. *See Johnson v. United States,* 398 A.2d 354, 361 (D.C.1979) ("Discretion signifies choice").

Appellees urge that § 20–905(a) must be read to incorporate mandatory requirements because the legislature used the word "shall." *Supra* note 2. To accept that interpretation, however, would be to read subsection (c) out of the statute. There is nothing unusual about prescribing how a claim "shall" be presented but allowing the court, in the exercise of sound discretion, to relax the requirements when circumstances warrant. We stated in *In re T.L.J.,* 413 A.2d 154 (D.C.1980), that " 'whenever possible, a statute should be interpreted as a harmonious whole.' ... Similarly, one part of a statute must not be construed so as to render another part meaningless." *Id.* at 158 (quoting *United States v. Firestone Tire and Rubber Co.,* 455 F.Supp. 1072, 1079 (D.D.C.1978); other citations omitted.)

■ Here, at least one personal representative, Laughlin Phillips, had actual notice during the statutory six-month period of Woloshin's claim for pre-death legal services, and counsel for the estate also knew during that period that Woloshin was making a claim against the estate for legal services before, as well as after, Mrs. Phillips' death. Moreover, no one disputes the merits of Woloshin's claim. We therefore perceive no basis for a discretionary denial of that claim. We reverse and remand for entry of judgment for appellant in the amount of $16,244.46.

*So ordered.*