In re ESTATE OF Francisco Coll MONGE; Francisco David Coll Schwab, Appellant.

No. 02–PR–456.

District of Columbia Court of Appeals.

Argued May 7, 2003.

Decided Feb. 5, 2004.

Harold Hancock for appellant.

William E. Davis for appellee.

Before RUIZ and WASHINGTON, Associate Judges, and KING, Senior Judge.

RUIZ, Associate Judge:

Mr. Francisco Coll Monge, a domiciliary of the Commonwealth of Puerto Rico, died in 1999 [1] owning real property in the District of Columbia.[2] On September 18, 2000, Mr. Francisco David Coll Schwab, the decedent's son, was appointed judicial administrator and executor of Mr. Coll Monge's estate by the Sala Superior de Carolina ("Superior Court of Carolina") in the Commonwealth of Puerto Rico, and was appointed Foreign Personal Representative ("FPR") by the Probate Division of the Superior Court in the District of Columbia on October 20, 2000.

On April 19, 2001, appellee, Susanna Meerschaert, a resident of Minnesota, timely filed two claims against Mr. Coll Monge's estate in the D.C. foreign estate proceeding, the first consisting of an outstanding total balance of $224,261.28 on three separate promissory notes [3] and the second consisting of an account balance with the Americana Leadership College, Inc. in the amount of $4,750.00, which Ms. Meerschaert had prepaid for a course of instruction.[4] On June 22, 2001, the FPR disallowed the claims she filed in the District of Columbia because they duplicated

---

1. The date of death on the order appointing the personal representative in Puerto Rico is May 15, 1999; the Superior Court listed the date of death as December 15, 1999. On appeal, the briefs refer to the latter date. The exact date of death is not relevant for our purposes.

2. The subject real property is located at 5103–5109 Connecticut Avenue, N.W.

3. The notes were payable with interest at a rate of 9% per annum and became due on June 1, 2001.

4. The Americana Leadership College, Inc. is an educational, non-profit organization founded by the deceased. Mr. Coll Monge served as president of the College until his death. Ms. Meerschaert claimed that she never received the instruction for which she prepaid.

claims already filed and allowed in the probate proceedings in Puerto Rico.[5] On August 16, 2001, Ms. Meerschaert filed a timely complaint in the Probate Division of the Superior Court of the District of Columbia against the FPR for allowance of both claims against Mr. Coll Monge's estate, pursuant to D.C.Code §§ 20–342, –343,[6] –905,[7] and –908.[8] The FPR responded that Ms. Meerschaert had filed identical claims in three other jurisdictions, namely, Puerto Rico, Arizona, and Iowa, and requested that the probate court direct Ms. Meerschaert to rely on the claims filed in the Puerto Rican court, as the proceeding in the District of Columbia was collateral to the primary probate proceeding in Puerto Rico, where the decedent had been domiciled.[9]

The parties filed cross-motions for summary judgment.[10] In her motion, Ms. Meerschaert argued that the purpose of § 20–343(d) is to ensure that creditors who, like she, have filed claims in a D.C. foreign estate proceeding have their claims satisfied, or finally determined in favor of the FPR, prior to release of real property assets in the District of Columbia to the domiciliary jurisdiction for administration.[11] Thus, Ms. Meerschaert claimed,

5. Identical claims were also filed and allowed in Arizona and Iowa.

6. Section 20–343 reads in relevant part:

> *Statement of claim.*—Any creditor may, within 6 months from the date of the first publication of notice, file a written statement of claim, pursuant to section 20–905, with the Register and deliver or mail a copy of the statement to the personal representative.... Unless a release of a validly recorded claim has been recorded or the claim has finally been determined in favor of the personal representative, such claim shall constitute a lien against all real property owned by the decedent in the District of Columbia at death for a period of 12 years from date of death: Except, that if the personal representative is empowered to sell the property such claim shall constitute a lien against the net proceeds from the sale.

D.C. CODE § 20–343(d) (2001).

7. Section 20–905 reads in relevant part:

> (a) A claimant shall present a claim against a decedent's estate by delivering or mailing, return receipt requested, a written statement of the claim, verified in accordance with section 20–102:
> (1) to the personal representative with a copy to the Register; or
> (2) to the Register with a copy to the personal representative.
> ....
> (c) The Court may, in its discretion, disallow a claim, in whole or in part, if the claimant fails to comply with subsections (a) and (b) or with the personal representative's reasonable requests for additional information.

D.C. CODE § 20–905 (2001).

8. Section 20–908 reads in relevant part:

> For claims presented as provided in section 20–905 within the time limit prescribed by section 20–903, the personal representative shall mail to each claimant a notice stating ... that the claim has been disallowed in whole or in part and advising the claimant of the procedures and time limitations for contesting such disallowance.... If the claim is disallowed in whole or in part, the claim is forever barred to the extent of the disallowance unless the claimant files a verified complaint in the Court, not later than 60 days after the mailing of the notice disallowing the claim.

D.C. CODE § 20–908(a) (2001).

9. While 24 claims, totaling $1,133,806 were filed by other creditors in the foreign estate proceeding in the District of Columbia that also were disallowed by the FPR on the same ground, only the appellee and another creditor, a local secured creditor not a party in this litigation, filed verified complaints seeking allowance of their claims by the probate division.

10. On appeal, the parties present essentially the same arguments raised before the trial court in support of their cross-motions for summary judgment.

11. Prior to enactment of the Probate Reform Act of 1980, the applicable statutory provision

the FPR could not deny her claims on the ground that they duplicated the claims already filed in Puerto Rico. In opposition to her motion and in support of his motion for summary judgment the FPR argued that, because the estate was insolvent, Ms. Meerschaert's claims should not be preferred over the other 106 unsecured creditors who have similarly recognized and outstanding claims in the domiciliary jurisdiction.[12] Ms. Meerschaert responded that by filing her claims in the District of Columbia under § 20–343(d), she was simply availing herself of an opportunity that the 106 other claimants chose not to pursue, and could no longer pursue, in the D.C. foreign estate proceeding. *See* § 20–908(a) (forever barring a disallowed claim unless a verified complaint is filed "not later than 60 days after the mailing of the notice disallowing the claim"). She further argued that the filing of a claim in another

jurisdiction where the estate is being administered does not preclude her from filing here, as there is no longer any statutory or jurisprudential requirement in the District of Columbia that creditors be D.C. residents in order to file a claim in a D.C. foreign estate proceeding, or that the obligation on which the claim is based be incurred in the District of Columbia. See note 11, *supra.*

By order filed April 16, 2002, the trial court granted Ms. Meerschaert's motion for summary judgment, ruling that, having fulfilled the filing requirements § 20–343(d),she had a lien on the property. The court noted that prior to the Probate Reform Act of 1980, the predecessor to § 20–343, see notes 6 and 11, *supra,* preferred and protected the rights of local creditors over those of out-of-state creditors. *See* § 18–501 (1940); *Sackett,* 80 U.S.App. D.C.

---

relating to claims filed in a D.C. ancillary proceeding, the precursor to the foreign estate proceeding, read as follows:

> On the death of any person not domiciled in the District of Columbia at the time of his death so much of his real and personal estate in the District of Columbia as may be necessary for the payment and discharge of just claims against him of *creditors and persons domiciled in the District of Columbia* shall also be the subject of administration under authority and direction of the probate court, irrespective of the personal estate of such decedent at his place of domicile or elsewhere.

D.C. CODE § 29–191 (1929) (emphasis added) (recodified at D.C. CODE § 18–501 (1940)).

This court had long held that the general purpose of the predecessor statute was "the protection of local creditors of a non-resident decedent having an estate in the District of Columbia, and [was] intended to provide such local creditors a means of enforcing payment through administration in the District Probate Court." *Stitt v. Simpson,* 154 A.2d 719, 720 (D.C.1959) (quoting *Sackett, Chapman, Brown & Cross v. Osgood,* 80 U.S.App. D.C. 99, 100, 149 F.2d 825, 826 (1945) (further citations omitted)).

Ms. Meerschaert argued in the trial court, as she does here, that the change in the statute from "creditors and persons domiciled in the District of Columbia" to "any creditor," as the statute now reads, see note 6, *supra,* served to eliminate the limiting provisions of the statute and extend the protections of the statute to local and non-local creditors alike.

12. In a letter to Ms. Meerschaert dated October 26, 2001, the FPR already had acknowledged her claims and set out his opposition to her filing in the District of Columbia:

> *We have officially accepted your claims in the Estate;* there is no need to continue claiming the same claims in all jurisdictions. By making these claims there are needless attorney's fees and administration fees.
>
> Avoiding more work and attorneys will ensure that the most amount of money can go to all the bonafide creditors, like yourself, instead of spending it on these extra filings and processing.
>
> I assure you we are mov[ing] as quickly as the judicial system will allow us to move, no one is as eager in settling the Estate as I am.

at 100, 149 F.2d at 826. The trial court further noted that in *Sackett* the question of whether the claimant was an out-of-state or local creditor was therefore of great significance, as that would determine whether the claimant was covered by § 18–501 (1940). Because the creditor at issue in *Sackett* was not local (as the statute then required), the *Sackett* court did not decide whether local creditors who filed would have priority over foreign creditors who were not eligible to file in an ancillary proceeding. The trial court recognized—as did the court in *Sackett*—that where there were no local creditors and, therefore, § 18–501 (1940) did not control, the "correct rule in the administration of an insolvent estate is to marshall [sic] the assets and distribute them ratably among creditors of the same class, irrespective of their source...." *See Sackett*, 80 U.S.App. D.C. at 100, 149 F.2d at 826. The trial court ruled, however, that considering "the protections provided to creditors under § 20–343," [13] Ms. Meerschaert has a lien against the real property located in the District of Columbia with priority over the claims of creditors filed in the domiciliary jurisdiction (Puerto Rico) that must be released before the property is leased, transferred, or sold.

On appeal, the FPR argues that the trial court erred in interpreting § 20–343(d) as granting a preference to those creditors who file claims in the foreign estate proceeding in the District of Columbia over the other creditors with recognized claims filed in the domiciliary proceeding in Puerto Rico. Relying on *District of Columbia v. Gantt*, 558 A.2d 1120 (D.C.1989) and *In re Estate of Phillips*, 532 A.2d 654 (D.C.1987), the FPR further argues that the personal representative may not fail to take into

consideration any claims of which he has actual knowledge, even if the claimants have not complied with the filing formalities of § 20–905. Thus, the 106 creditors whose claims have been filed and recognized by the FPR in Puerto Rico must be included in the personal representative's- and the trial court's—calculus for the distribution of the estate's assets in the District of Columbia. Because the estate's assets appear to be insufficient to cover all recognized claims, the FPR argues that the probate court must allow for the *pro rata* distribution of all of the proceeds in the estate, including the real estate in the District of Columbia, to all the recognized creditors, whether or not they filed a claim in the District of Columbia pursuant to § 20–343(d).

Ms. Meerschaert does not dispute that the FPR had actual knowledge of the claims filed by 106 other creditors, but distinguishes this case from *Gantt*, noting that *Gantt* does not address the special protections created by § 20–343(d) for those creditors who file claims against foreign estates with real property located in the District of Columbia. *See* § 20–343(d) (creating a lien against all real property owned by the decedent in the District of Columbia at death in favor of properly filed and valid claims against a foreign estate).

## ANALYSIS

■ A foreign personal representative is appointed to administer the estate of a decedent not domiciled in the District of Columbia, but which has property located here, without need to obtain letters from the Superior Court of the District of Co-

---

13. The trial court did not elaborate what those protections might be but, presumably, the trial court is referring to the lien created on the property upon Ms. Meerschaert's filing of a claim.

lumbia.[14] *See* D.C. CODE § 20–341(a) (2001). Upon filing a copy of the appointment as personal representative in another jurisdiction, *see* § 20–341(b), "[a] foreign personal representative may exercise all the powers of such office and may sue and be sued in the District of Columbia, subject to any statute or rule relating to nonresidents," in connection with the administration of the estate. D.C. CODE § 20–342 (2001). Real property located in the District of Columbia may be leased or transferred by the foreign personal representative if bond is posted equal to the value of the real property, or if "6 months [ ] pass after the first publication required by [§ 20–343(a) ] and (A) no claims are filed with the Register during this time or (B) all claims of creditors have been released or finally determined in favor of the personal representative." D.C.CODE § 20–343(c) (2001). The statutory question posed in this appeal is whether the foreign personal representative is further required to first satisfy liens created pursuant to § 20–343(d) before real estate located in the District of Columbia may be used to satisfy other creditors of the estate. Although we think the question is arguable,[15] we do not decide it in this case

because, as we now explain, whatever protection § 20–343(d) affords is shared by the creditors whose claims were known to the FPR from filings in the domiciliary probate proceeding in Puerto Rico.

■ This court has held that in administering an estate a personal representative is obliged to consider all valid claims about which he has actual knowledge, even if creditors fail to comply with the statute's enumerated filing formalities. *See Gantt,* 558 A.2d at 1125 (noting the discretionary power of the trial court under § 20–905 to allow or disallow a claim about which the personal representative had actual knowledge despite failure to comply with the formalities of § 20–903(a) and § 20–905); *In re Estate of Phillips,* 532 A.2d at 656 (recognizing actual notice of claims and, therefore, perceiving no basis for a discretionary denial of claim). Here, it is undisputed that the FPR had actual knowledge of the claims filed in Puerto Rico. The creditors who filed in Puerto Rico could have obtained a lien under § 20–343—just as Ms. Meerschaert did—by filing their claims as provided in § 20–905.[16] That they did not do so is irrelevant in determining priorities, because pursuant to *Gantt* and *Phillips,* a personal representa-

**14.** "Letters" are "the official instrument by which a personal representative is appointed by the Court to administer the estate of a decedent." D.C. CODE·§ 20–101(h) (2001).

**15.** Although the language of § 20–343(d) and that of the statute at issue in *Sackett* is different, we note that the court there stated that the statute was "intended to provide such local creditors a means of enforcing payment through *administration* in the District Probate Court." *Sackett,* 80 U.S.App. D.C. at 100, 149 F.2d at 826 (emphasis added). There is a question, therefore, whether the purpose of the statute is administrative efficiency, rather than creating priorities among otherwise similarly situated creditors, which is contrary to the generally accepted rule. *See* D.C. CODE § 20–906(b) (2001) ("No preference shall be

given in the payment of any claim over any other claim of the same class. No preference shall be given to claims due and payable over claims not yet due."); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 350 (1971) (whenever possible, a court will provide for a *pro rata* distribution of assets under its control among all creditors, irrespective of the source of the assets or the domicile or citizenship of the creditors). Although it left the question open, the court commented in *Sackett,* "the statement of this proposition [favoring some creditors over others] is enough to condemn it." 80 U.S.App. D.C. at 100, 149 F.2d at 826.

**16.** Section 20–343(d) specifically refers the claimant to file following the procedures of § 20–905. See notes 6 and 7, *supra.*

tive may not disallow a claim against the estate of which he had actual knowledge during the statutory six-month period for failure to comply with all the formalities of § 20–905. Thus, the 106 creditors who filed their claims in Puerto Rico are deemed to have a lien under § 20–343(d), placing them on the same footing as Ms. Meerschaert. Since the record shows that there is no genuine issue as to any material fact, *see District of Columbia v. Helen Dwight Reid Educ. Found.*, 766 A.2d 28, 32 (D.C.2001), we accordingly reverse the award of summary judgment to Ms. Meerschaert granting priority to her claims,[17] and remand for further proceedings. *See Sackett*, 80 U.S.App. D.C. at 100, 149 F.2d at 826 (noting the discretionary power of the court in which foreign proceedings are pending to transmit local assets to the domiciliary executor or administrator) (citing RESTATEMENT OF CONFLICT OF LAWS § 496 (1934)).[18]

*So ordered.*

KING, Senior Judge, dissenting:

Because I disagree with the majority's holding that all creditors who have filed in the domiciliary probate proceeding in Puerto Rico and of whom the personal representative had actual knowledge should be treated as if they had filed in the District of Columbia pursuant to D.C.Code § 20–343(d) (2001), I respectfully dissent. The majority's holding renders D.C.Code § 20–343(d) essentially meaningless. That statute provides that "[u]nless a release of a validly recorded claim has been recorded or the claim has finally been determined in favor of the personal representative, such claim shall constitute a lien against all real property owned by the decedent in the District of Columbia for a period of 12 years from date of death . . . ." The claim is otherwise barred if the complaint is not filed within "60 days [of] mailing of the notice disallowing the claim." D.C.Code § 20–908(a) (2001). By filing her complaint, Ms. Meerschaert availed herself of the opportunity the statute afforded her, a course of action the other claimants chose not to pursue.

The majority has broadly interpreted *District of Columbia v. Gantt*, 558 A.2d 1120 (D.C.1989), to hold that the personal representative may not disallow any claim against the estate if the representative has actual knowledge of the claim, even if the claim was filed outside of the District.[1] The majority equates Ms. Meerschaert,

17. We do not, however, dismiss her claims which were properly filed. Nor do we express an opinion as to whether § 20–343(d) would give priority over creditors as to which the FPR did not have actual knowledge. See note 15, *supra*.

18. The FPR presents for the first time on appeal a related constitutional argument, based on the Full Faith and Credit Clause of the U.S. Constitution. Citing *Vickery v. Garretson*, 527 A.2d 293 (D.C.1987), for the proposition that the District of Columbia recognizes the probate proceedings and judgments of foreign jurisdictions, the appellant argues that the District of Columbia is obliged to consider the 106 foreign claims in the foreign estate proceeding, so that the claims filed in Puerto Rico should be treated as if filed in the District of Columbia. While *Vickery* states that "[u]nder article IV of the United States Constitution, the judgment of a state court should have the same credit, validity, and effect in every other court in the United States, which it had in the state where it was pronounced," *id.* at 299 (citation and internal quotation marks omitted), the court in *Vickery* declined to extend full faith and credit to a Maine judgment because it was, under Maine law, void and subject to collateral attack. *See id.* In light of our disposition, we need not address appellant's constitutional argument.

1. The *Gantt* court's decision, however, applied only to claims filed in the District of Columbia, even if not in conformance with statutory formalities.

who underwent the requisite procedural hoops in the District by filing a verified complaint and thereby creating a lien on the property and preserving her claim, to the other claimants who filed only in Puerto Rico. *Gantt* should not be stretched beyond its relatively narrow holding to permit attribution of actual knowledge to claims not filed in the District. Rather, D.C.Code § 20–343(d) establishes precisely the right that Ms. Meerschaert undertook to secure—the right to create a lien in these circumstances.

The majority also cites commentary from *Sackett, Chapman, Brown & Cross v. Osgood,* 80 U.S.App. D.C. 99, 149 F.2d 825 (1945). The decision in *Sackett* hinges upon D.C.Code § 18–501 (1940), the predecessor statute to § 20–343. The predecessor statute protected local creditors, requiring that only creditors domiciled in the District could make a claim against the estate. The *Sackett* court found that the predecessor statute did not apply because of the non-local residency status of the creditors in that case. The language in the predecessor statute, however, is no longer relevant or applicable because the revised statute at issue, § 20–343, allows *any* creditor to file a claim in a foreign estate proceeding. *Sackett,* therefore, has no applicability to the instant case in which non-local creditors may file claims in the District.

I would affirm the trial court's granting of summary judgment in favor of Ms. Meerschaert. She filed her claims in the District of Columbia, the foreign estate proceeding, successfully creating a statutory lien on the property, placing her in a different and more advantageous position than the other claimants, who filed only in Puerto Rico.