**In Re Estate of Anne T. SATO;**

**William E. Smith, Appellant,**

v.

**Tanja H. Castro, Successor Personal Representative of the Estate of Anne T. Sato, & Robert J. Pleshaw, Special Master, Appellees.**

**No. 04–PR–267.**

District of Columbia Court of Appeals.

Argued May 17, 2005.
Decided July 21, 2005.

Roger C. Ohlrich, Washington, DC, for appellant.

Tanja H. Castro, Successor Personal Representative, on behalf of the Estate, with whom Robert J. Pleshaw, Special Master, was on the brief, on behalf of appellee.

Before RUIZ and GLICKMAN, Associate Judges, and KING, Senior Judge.

RUIZ, Associate Judge.

The appellant, former personal representative of his wife's estate, appeals from an order of the trial court requiring him to repay to the estate funds he paid to himself as a creditor without having filed a formal notice of his claim with the Register of Wills. We agree with the trial court's interpretation that the probate statute's notice requirement applies to claims of the personal representative. We remand the case, however, for the trial court's exercise of discretion in determining whether appellant's claim in this case should be disallowed due to the appellant's noncompliance with the formal filing requirements.

## I.

The appellant and the decedent lived together as common law husband and wife for approximately ten years prior to her death. Appellant claims that during their marriage he paid off some of his wife's personal debt in order to secure refinancing on their home, presumably to improve their joint credit rating.[1] The appellant's wife died on October 15, 1997, leaving a properly executed Last Will and Testament that appointed her husband, the appellant, as personal representative.

After the appellant filed a petition in the probate division of the Superior Court, the will was admitted to probate and the appellant was appointed personal representative on March 25, 1998. The appellant hired an attorney to assist him in probating the will. The appellant filed an inventory of the estate, but, either through his own neglect or that of his attorney, he never filed with the probate court any of the required accounts. Various third-party creditors made claims against the estate, which appellant settled by paying a prorated amount because the estate funds were insufficient to pay all the debts in full. These payments included a payment to himself of $34,588, a similarly prorated amount of the debt he claimed against the estate. According to appellant, he provided his attorney with information about all of his wife's outstanding debts, including the debt he claimed. The fact central to this appeal is that appellant did not file with the Register of Wills a formal claim against the estate for the debt he claims is owed to him. While it is unclear whether, without the payment to appellant, the estate funds would have been sufficient to satisfy the third-party claims in full, it is indisputable that the third-party creditors received a lesser payment because of the appellant's payment of his own claim. It is also not clear from the record or from the briefs who the beneficiaries of the will were, but it appears that the decedent's son, at least, was a beneficiary.

Because he failed to file the proper accountings, the probate court issued an order on January 2, 2002 removing the appellant as personal representative and appointing appellee Tanja H. Castro, Esquire as successor representative. On October 16, 2002, upon motion from the successor representative, the trial court appointed appellee Robert J. Pleshaw as special master to supervise the case. After investigation, the successor representative discovered the appellant's payment to himself from the estate funds. The successor representative and the special master both requested the appellant to return those funds to the estate. The appellant did not do so. The special master then filed a report and recommendation with the court on April 18, 2003, recommending that the appellant be required to return the funds in question.

After holding an evidentiary hearing, the trial court issued a written order in which it held that, even though appellant was the personal representative, he was required to file with the Register of Wills a

---

**1.** There is some discrepancy regarding the amount the appellant claims he was owed. The special master found the amount to be $61,887. In his brief, the appellant claims the amount was $51,887, a difference of $10,000. The trial court had only the appellant's oral representations that this debt existed, as the appellant has no documentation showing that he and his wife agreed that she would repay him these funds. Appellant did submit, however, certain bank statements and cancelled checks that, he claims, evidence the debt. Because the trial court ruled that the claim was barred as against the estate for failure to file timely notice, it did not determine whether there was such a debt, and if so, in what amount.

formal notice of his own claim before he could pay himself from the estate. The court found that because the appellant's failure to do so was not inadvertent, appellant's claim was barred. As a result, the trial court entered judgment against appellant, requiring that he repay the funds he had paid to himself, plus various fees resulting from the appointment of the special master.[2] The appellant filed a timely notice of appeal.[3]

## II.

■ The issue before the court is whether the trial court erred in disallowing appellant's claim against the estate because it was not filed with the Register of Wills. In considering an order or judgment from the probate division where the case was tried to the bench, this court "may review both as to the facts and the law, but the judgment may not be set aside except for errors of law unless it appears that the judgment is plainly wrong or without evidence to support it." D.C.Code § 17–305(a) (2001); *see also Drevenak v. Abendschein,* 773 A.2d 396, 415 (D.C.2001). This court reviews the trial court's interpretation of a statute *de novo. See Cass v. District of Columbia,* 829 A.2d 480, 482 (D.C.2003).

The probate statute provides that "all claims against a decedent's estate, whether ... founded on contract or other legal basis, shall be barred against the estate ... unless presented within 6 months after the date of the first publication of notice of the appointment of a personal representa-

tive...." D.C.Code § 20–903(a)(1). Further, "[a] claimant shall present a claim against a decedent's estate by delivering or mailing, return receipt requested, a written statement of the claim ...: (1) to the personal representative with a copy to the Register [of Wills]; or (2) to the Register [of Wills] with a copy to the personal representative." D.C.Code § 20–905(a). However, if notice is given to either the personal representative or the Register of Wills, a claim nonetheless "shall be deemed presented" if the failure to notify both was "inadvertent." D.C.Code § 20–905(a)(2). The trial court has discretion to disallow a claim that does not meet the statutory requirements. *See* D.C.Code § 20–905(c).

Appellant acknowledges that he never filed a formal notice with the Register of Wills of the debt he claims the estate owed him.[4] Nor does he dispute that he paid himself $34,588 from estate funds. Thus, there is no question that appellant did not satisfy the express terms of the probate statute requiring timely notice of the claim to the Register of Wills.

■ The trial court found no evidence that this failure should be excused as "inadvertent" with the meaning of the statute, *see* D.C.Code § 20–905(a)(2), which the trial court interpreted as meaning "careless" or resulting from "lack of attention." Specifically, the trial court found that the appellant was familiar with the claim notice process from responding to notices of claims filed by other creditors. The appellant also had a probate attorney

---

**2.** The trial court ordered appellant to pay $5,580.65 for fees and costs associated with the special master. Appellant does not challenge this aspect of the trial court's order, and we do not address it.

**3.** The appellant's insurer, St. Paul Surety Co., filed a statement saying that, while neither an appellant nor an appellee in this case, it is

"an interested party in this Appeal who supports the position of the Appellant...."

**4.** Appellant testified at the hearing that "he did not file [a formal claim] with the Register of Wills .... But he did file one with his attorney, not the formal claim for, but a statement of what was owed."

assisting him. Based on these facts, the trial court determined appellant's "failure to file his claim with the Register of Wills to be more akin to a willful or intentional decision than one resulting from a carelessness or lack of attention to the statutory requirement." Appellant does not seriously challenge this finding on appeal, and the record supports that it is not clearly erroneous.

"The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he [or she] has used." *Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 64–65 (D.C.1980) (quoting *United States v. Goldenberg*, 168 U.S. 95, 102–03, 18 S.Ct. 3, 42 L.Ed. 394 (1897)). The language of the probate statute "plainly indicate[s]," *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753 (D.C.1983) (citing *Davis v. United States*, 397 A.2d 951, 956 (D.C.1979)), that a creditor must give notice of a claim both to the Register of Wills and to the personal representative within six months of the public notice of the appointment of the personal representative. As the statute requires that all creditors, without exception, provide notice of claims in a timely manner to the Register of Wills, and the appellant's failure to do so was not inadvertent, the trial court did not err in concluding that the appellant did not comply with the statutory notice requirement.

■■■ Appellant contends, however, that because he, as the personal representative, knew of his own claim, formal notice to the Register of Wills was not required. The appellant's argument relies on twin premises: (1) the claims of a personal representative should be treated the same as claims by third-party creditors, and (2) the exception to the statutory notice requirement carved out in our case law—that lack of formal notice does not necessarily bar

claims where the personal representative had actual and timely notice—applies equally where the claimant is the personal representative. Applying these principles, he contends, the law permitted him to pay his own claim despite lack of formal notice to the Register of Wills. The cases appellant cites to support his argument all deal with personal representatives who, despite having timely, actual notice of claims by third parties, nevertheless refused to pay those claims because of failure to file the claim or some defect in the formal notice. *See In re Estate of Monge*, 841 A.2d 769, 770 (D.C.2004); *In re Estate of Barnes*, 754 A.2d 284, 288 (D.C.2000); *District of Columbia v. Gantt*, 558 A.2d 1120, 1122 (D.C.1989); *In re Estate of Phillips*, 532 A.2d 654, 654–55 (D.C.1987). Those cases hold that "in administering an estate a personal representative is obliged to consider all valid claims about which he has actual knowledge, even if creditors fail to comply with the statute's enumerated filing formalities." *In re Estate of Monge*, 841 A.2d at 774. In other words, a personal representative cannot hide behind a procedural defect in the notice in order to avoid paying a legitimate debt of which the personal representative had actual, timely notice, and the trial court abuses its discretion under D.C.Code § 20–905(c) if it disallows such a claim purely for defect of formal notice to the personal representative. *See Gantt*, 558 A.2d at 1125; *In re Estate of Phillips*, 532 A.2d at 656. According to appellant, there is therefore no purpose to requiring that the personal representative file with the Register of Wills a claim of which he has actual notice—his own—and which he considers to be payable.

■■■ The cases cited by appellant all involved third-party claimants, and did not address the situation in this case, where a personal representative has not filed for-

mal notice with the Register of Wills of his own claim. The appellant's argument assumes that the only purpose of the notice requirement is to give the personal representative notice of the claim. But notice to the Register of Wills does not simply serve the needs of the personal representative but "has another purpose, one that goes hand in hand with the protection of the executor, and that is the protection of creditors of the estate as well. The docketing of the claim with the Register of Wills ... provides this protection both for the executor and the claimants." *American Sec. & Trust Co. v. Bindeman,* 303 A.2d 188, 192 (D.C.1973). The situation presented here, as the trial judge recognized, poses a conflict of interest not present in the case of third-party claims. For this reason, the trial court would "not sanction a statutory reading that would allow a personal representative to deplete the resources of an estate with personal claims without notifying the Court of his dealings." The need to maintain court supervision over claims of the personal representative is evident, and the ability of interested third parties, via notice to the Register of Wills, to contest such claims is an effective way to ensure that there is no unjustified self-dealing. As the trial court observed, allowing the court and third-party creditors to pass on the validity of a personal representative's claims prevents an unscrupulous representative from simply raiding the estate without fear of oversight.[5] Third-party claims are routinely subject to such scrutiny by the personal representative, as well as by other claimants. Thus, we consider that requiring

that the personal representative's claims be filed with the Register of Wills accomplishes the equality of treatment appellant contends is a principle of estate administration. We, therefore, agree with the trial court's interpretation that the statutory notice filing requirement applies, with special force, to the claims of personal representatives.

■ Having so determined, we turn to the trial court's order requiring that appellant return the funds to the estate because his claim was barred. The trial court has discretion to "disallow a claim, in whole or in part, if the claimant fail[ed] to comply" with the formal notice requirements, "or with the personal representative's reasonable requests for additional information." D.C.Code § 20–905(c). The record in this case could support the trial court's exercise of discretion in disallowing the appellant's claim, particularly in light of the appellant's failure to file proper accountings and the additional effort required to correct this failure. But there could be countervailing reasons for not doing so. If the trial court were to find that appellant dealt fairly with the third-party claimants and that his own claim was valid—issues not decided by the trial court—denial of his claim might be purely punitive, as it came at a point in the proceeding when the conflict of interest had been cured by the appointment of a successor personal representative and special master. Based on our reading of the trial court's order, however, we cannot conclude that it disallowed the appellant's claim in an exercise of discretion, rather than as a perceived legal mandate.[6] *See Johnson v. United States,*

---

5. We do not mean to imply that the personal representative in this case did not have a valid claim, or that he did not act in good faith. That issue is not before us. See *supra* note 1.

6. In its order, the court stated that "[b]ased on [its] reading of the statute, the *only potential exemption* from the requirement to notify the Register of Wills is when the claimant's failure to do so is the result of inadvertence." (Emphasis added.) While we take no issue with the trial court's interpretation that the

398 A.2d 354, 363 (D.C.1979) ("Failure to exercise choice in a situation calling for choice is an abuse of discretion—whether the cause is ignorance of the right to exercise choice or mere intransigence—because it assumes the existence of a rule that admits of but one answer to the question presented.")

We, therefore, remand the case to the trial court for further proceedings to consider whether the appellant's claim should be disallowed because of non-compliance with the statutory filing requirement. If the trial court determines not to disallow the claim on this basis, it should proceed to decide whether the claim is valid and, if so, the amount that should be paid thereon.

*Remanded.*

personal representative's claim must be filed with the Register of Wills as required by the statute, as discussed in the text, the ultimate sanction of disallowance of a claim does not follow automatically from noncompliance, but is entrusted to the discretion of the trial judge.