Dana **RICHARD**, Prafull Dave, Richard Ratner, and Robert Madsen,
Appellants,

v.

Sally **McGREEVY**, Personal Representative,
Appellee.

Nos. 06–CV–1056, 06–CV–1057 and 07–PR–1411.

District of Columbia Court of Appeals.

Argued Feb. 22, 2008.

Decided July 24, 2008.

Henry St. J. FitzGerald, Arlington, VA, with whom Dana F. Richard, was on the brief, for appellant.

Mark A. Binstock, Bethesda, MD, for appellee.

Before FISHER, BLACKBURNE–RIGSBY, and THOMPSON, Associate Judges.

BLACKBURNE–RIGSBY, Associate Judge:

After the death of Ted Wolfe, doctors and lawyers who alleged that they provided medical and legal services to him prior to his death sought payment for these claims by Mr. Wolfe's estate. In these consolidated appeals, these doctors and lawyers challenge the Probate Division's dismissal of their complaints filed after the estate disallowed their claims and the Civil Division's dismissal of their consolidated complaints.[1]

Appellants allege that (1) the Superior Court's Probate and Civil Divisions erred in respectively dismissing their consolidated complaints against the estate on the grounds that their suits should have been filed with Maryland courts and were thus improperly before the Divisions; and (2) the Civil Division erred in ordering the appellants and the District of Columbia Recorder of Deeds to release thirteen Notices of *Lis Pendens* from the land records when appellants' cases were still pending on appeal and undecided. We hold that the Probate Division could properly exercise jurisdiction over the appellants' claims and, therefore, we reverse and remand its dismissal of the complaints. We also reverse the Civil Division's dismissal of the appellants' consolidated complaints. Holding that the Civil Division lacked jurisdiction to order the release of the Notices of *Lis Pendens* because notices of appeal had been filed, which divested the Civil Division of its jurisdiction, we vacate that order.

## I. Factual and Procedural Background

On February 15, 1995, Ted Wolfe executed his Last Will and Testament ("Will")

---

1. In this case, appellants challenge the dismissals of their consolidated complaints by the District of Columbia Superior Court Probate and Civil Divisions. The Probate Division and the Civil Division have separate areas of jurisdiction and will be referred to separately in this opinion. *See* D.C.Code § 11–902 (2001).

in Maryland, whereby the entirety of his estate was devised to The Ted Albert Wolfe Trust ("Trust"), which was created on the same date. Mr. Wolfe died in his Maryland home on June 7, 2005. As provided for in his Will and Trust, his first cousin, appellee Sally Ann McGreevy, became Executor of the Will and Trustee of the Trust.[2]

Appellants Dana Richard, Robert Madsen, Richard Ratner, and Prafull Dave ("Creditors") each claim that they provided medical or legal services to Mr. Wolfe and that they are owed payment for these services.

On June 10, 2005, an estate creditor, who is not a party to these complaints or appeals, initiated a probate proceeding in the District of Columbia and sought to be appointed personal representative, but the Probate Division dismissed this proceeding without prejudice in late October 2005. On July 6, 2005, Ms. McGreevy opened a probate estate in Montgomery County, Maryland. The following day Maryland issued Letters of Administration to Ms. McGreevy, who was appointed Personal Representative of the estate. On November 2, 2005, the District of Columbia probate petition was dismissed without prejudice because the Probate Division believed that the domicile issue was being litigated in Maryland.[3]

On December 7, 2005, the Creditors presented their claims in Maryland against the estate to Ms. McGreevy in her capacity as Personal Representative. The estate issued a notice of disallowance of those claims on January 10, 2006.

On March 6, 2006, Ms. McGreevy opened an ancillary probate estate in the District of Columbia with respect to the real property located here. On March 13, 2006, without knowledge that the ancillary estate had been opened, the Creditors filed Civil Action No. 06–2345 (hereinafter "First Lawsuit") in the Civil Division of Superior Court seeking money damages in the amount of $295,000 for breach of contract and seeking the removal of Ms. McGreevy as Trustee and Personal Representative. Two days later, the Creditors filed Civil Action No. 06–2120 also in the Civil Division of Superior Court seeking money damages for breach of contract in the amount of $295,000 and seeking a declaratory judgment that Mr. Wolfe was domiciled in the District of Columbia at the time of his death. The Creditors learned of the probate estate in the District of Columbia on March 23, 2006, and re-filed Civil Action No. 06–2345 in the Civil Division the following day with an amended caption that reflected the resident agent for the estate in the District of Columbia. The Creditors demanded a jury trial in both complaints.

In April 2006, the Creditors filed thirteen Notices of *Lis Pendens* with the District of Columbia Recorder of Deeds and referenced Civil Action No. 06–2345 as the action that formed the basis for each of the notices. Ms. McGreevy, in her capacity as Personal Representative, filed a Motion to Dismiss the Complaint in Civil Action No. 06–2345 on May 10, 2006, in the Civil

---

**2.** The Trust named Ted Wolfe as Trustee and, in the event of his death, passed that position to Joseph Julius Erdos and upon his death, passed that position to Ms. McGreevy. Similarly, the Will named Mr. Erdos as Executor and, upon his death, that position passed to Ms. McGreevy. Mr. Erdos had died on September 20, 1995.

**3.** The parties disputed whether the decedent Mr. Wolfe was domiciled in Maryland or the District of Columbia at the time of his death. Because the Maryland probate proceedings commenced earlier, the Probate Division of the District of Columbia Superior Court advised the parties to raise their domicile arguments in the Maryland proceedings. *Id.*

Division. She also filed a Motion to Strike Filing of Notice of *Lis Pendens* on May 23, 2006, in Civil Action No. 06–2345. The Civil Division trial judge responsible for Civil Action No. 06–2345 granted Ms. McGreevy's motion and ordered the Recorder of Deeds to strike all thirteen Notices of *Lis Pendens* on June 6, 2006. On July 7, 2006, the District of Columbia Recorder of Deeds filed a Motion to Intervene and to Vacate the Court's Order to strike the Notices of *Lis Pendens* because it contended that the order exceeded the Recorder of Deeds's authority because the Recorder of Deeds was not authorized to remove any of the Notices of *Lis Pendens* that had been recorded. Ms. McGreevy did not oppose this motion. The Creditors timely filed a Notice of Appeal of the June 6th Order striking the thirteen notices on July 10, 2006.

After it was discovered at the July 14, 2006 scheduling hearing in Civil Action No. 06–2345 that another civil action by the Creditors was pending against Ms. McGreevy (Civil Action No. 06–2120, presided over by the Honorable Geoffrey Alprin) in the Civil Division, Judge Alprin *sua sponte* consolidated both cases. The Civil Division granted Ms. McGreevy's Motion to Dismiss on the grounds that the Creditors were barred from asserting their claims in the District of Columbia because they had failed to comply with the Maryland statute requiring lawsuits be filed in Maryland after the disallowance of their claims and ordered that the consolidated complaints in Civil Action Nos. 06–2345 and 06–2120 be dismissed.

On August 25, 2006, the Recorder of Deeds's unopposed Motion to Vacate the earlier order to strike the thirteen Notices of *Lis Pendens* was granted. Thereafter,

the Creditors filed a Motion to Vacate this order on September 5, 2006. On September 11, 2006, the Creditors timely filed Notices of Appeal of the September 8, 2006, Order that dismissed their consolidated complaints and the August 25, 2006, Order granting the Recorder of Deed's Motion to Vacate the order to strike the thirteen notices. The Creditors' Motion to Vacate the August 25, 2006, Order was denied as moot on November 6, 2006.

The Creditors presented their claims against the ancillary probate estate in the District of Columbia on September 21 and 25, 2006. These claims were denied by the estate on October 26, 2006. The Probate Division of Superior Court granted the estate's motion to dismiss the Creditors' complaints, which they filed after the disallowance of their claims, on June 27, 2007. The Creditors timely appealed that order in appeal No. 07–PR–1411.

## II. Analysis

### A. The Creditors' Complaints Are Not Barred in the District of Columbia.

■ In dismissing the Creditors' complaints, both the Probate Division and the Civil Division of Superior Court relied on Maryland law.[4] They reasoned that because the estate had been opened in Maryland, the Creditors' claims had been denied there, and no subsequent lawsuit had been filed there challenging the denials, the Creditors were barred from presenting their claims and subsequent lawsuits in the District of Columbia. Appellants contend that the Probate Division and Civil Division of Superior Court erred by applying the Maryland statute, which would have barred their claims against the ancillary estate in the District of Columbia. In contrast, the District of Columbia statute,[5]

4. MD.CODE ANN., EST. & TRUSTS § 8–107(b) (2008).

5. D.C.Code § 20–903(a).

which applied in this instance, would not have barred those claims.

■■■■ We review the trial court's grant of a motion to dismiss *de novo. Chamberlain v. Am. Honda Fin. Corp.*, 931 A.2d 1018, 1022 (D.C.2007). In the District of Columbia, "all claims against a decedent's estate ... shall be barred against the estate, the personal representative, and the heirs and legatees, unless presented within 6 months after the date of the first publication of notice of the appointment of a personal representative." D.C.Code § 20–903(a) (2001). In interpreting this statutory provision (and that of its predecessor statute), we have held that "in administering an estate[,] a personal representative is obliged to consider all valid claims about which [s]he has actual knowledge, *even if creditors fail to comply with the statute's enumerated filing formalities." In re Estate of Monge*, 841 A.2d 769, 774 (D.C. 2004) (citations omitted) (emphasis added); *see also District of Columbia v. Gantt*, 558 A.2d 1120, 1125 (D.C.1989) (holding that trial may not disallow claim about which personal representative had actual knowledge but where creditors failed to comply with statutory filing requirements); *In re Estate of Phillips*, 532 A.2d 654, 656 (D.C. 1987) (holding that because personal representative had actual notice of claims, no discretionary basis existed for denying claim). A personal representative is required to consider all valid claims about

which she has actual knowledge because we have recognized that the general purpose of our statutory provisions dealing with creditors' claims against a decedent's estate, particularly when the decedent is a non-resident of the District of Columbia, is "the protection of local creditors of a non-resident decedent having an estate in the District of Columbia, and is intended to provide such local creditors a means of enforcing payment through administration in the District Probate Court." *Stitt v. Simpson*, 154 A.2d 719, 720 (D.C.1959) (quotation omitted) (discussing non-resident decedent's estate provision in D.C.Code § 29–191 (1929), recodified at D.C.Code § 18–501 (1940)).

In this case, the Creditors concede that they did not comply with the statute's requirement that they present their claims to the estate through the Probate Division of the District of Columbia Superior Court prior to the filing of their complaints in the Civil Division of the District of Columbia Superior Court.[6] But it is also undisputed that the Creditors' lawsuits here in the District provide the personal representative with actual knowledge of the claims, which were based upon the identical factual nucleus as the claims they asserted against the estate in Maryland (i.e., that they were owed remuneration for their medical and legal services) and sought the same amount of money damages ($295,-000).[7] Because the personal representative and estate had actual knowledge of

---

**6.** They concede that their claims presented in Maryland against the estate are barred under Maryland law because they did not file a subsequent lawsuit in Maryland within the required timeframe of six months. If a claim is disallowed by the estate in Maryland, as it was in this case, "the claimant is forever barred to the extent of the disallowance unless he files a petition for allowance in the court or commences an action against the personal representative or against one or more of the persons to whom property has been distributed. The action shall be com-

menced within 60 days after the mailing of notice by the personal representative." MD. CODE ANN., EST. & TRUSTS § 8–107(b) (2008). The Creditors did not file a petition or commence an action in Maryland as required by the statute and thus, their claims against the estate in Maryland are barred.

**7.** The Creditors formally presented their claims against the ancillary estate in the District on September 25, 2006.

the claims, the Creditors' failure to formally present their claims to the estate through the Probate Division in the District of Columbia prior to filing their actions in the Civil Division of Superior Court does not bar their lawsuits against the ancillary estate in the District of Columbia. *In re Estate of Monge, supra,* 841 A.2d at 774.

The estate's reliance on *Laschkewitsch v. Laschkewitsch,* 507 N.W.2d 65, 66 (N.D. 1993), for the proposition that a creditor who has actual notice of domiciliary probate proceedings in one jurisdiction could not file a claim in the ancillary jurisdiction after the time for filing claims in the domiciliary probate proceedings had expired, is misguided. *Id.* In that case, the North Dakota statute specifically provided that "claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state." N.D. CENT.CODE § 30.1–19–03 (1999); *see also Laschkewitsch, supra,* 507 N.W.2d at 67. In contrast, there is no analogous provision in the District of Columbia statute that would operate to bar claims to the ancillary estate here in the event a lawsuit or the claims were barred—as a lawsuit was in this case—in the domiciliary state of Maryland. *See generally* D.C.Code § 20–903 (2008 Supp.) (discussing limitations on presentation of claims against the estate); and § 20–908 (discussing time limitation on filing lawsuit after claim has been disallowed by the estate).

Furthermore, because the Creditors did not file an action in the Maryland courts to contest the disallowance of their claims by the domiciliary estate, as was their right under MD.CODE ANN., EST. & TRUSTS § 8–107(b), see note 6, there is no final judgment from Maryland, to which we would be required to afford Full Faith and Credit. *See* 28 U.S.C. § 1738 (2006) (providing that judicial proceedings of the rendering state "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken"); *Burtoff v. Faris,* 935 A.2d 1086, 1090 (D.C.2007) (lack of final judgment prevented application of res judicata and collateral estoppel).

We conclude that the Creditors have stated claims upon which relief could be granted because their claims are not "forever barred" and may be litigated here in the District of Columbia.[8] Therefore, we reverse both the Probate Division and the Civil Division's dismissal of the consolidated complaints. We remand to the Probate Division for proceedings consistent with this opinion.

**B. The Trial Court Lacked Jurisdiction to Order the Release of the Appellants' Thirteen Notices of *Lis Pendens.***

■ We have previously held that an order granting a party's motion to cancel and release Notices of *Lis Pendens* is appealable under the collateral order doctrine. *See McAteer v. Lauterbach,* 908 A.2d 1168, 1170 (D.C.2006). We have also recognized that a trial court lacks jurisdiction to act upon an issue raised in a pending appeal. *See Morfessis v. Hollywood Credit Clothing Co.,* 163 A.2d 825, 827 (D.C.1960) (reversing trial court's grant of new trial where losing party had already noted an appeal); *accord Griggs v. Provi-*

---

8. *Appellants do not contest the order dismissing without prejudice the claims against Ms. McGreevy individually. Thus we do not address this on appeal. We note that the resolu-* tion of the claims against the estate does not impair appellants' ability to pursue a cause of action against Ms. McGreevy in her capacity as Trustee of the Wolfe Trust.

*dent Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

In this case, after the Creditors filed their timely Notice of Appeal of Judge Fisher's June 6, 2006, Order to Strike the Thirteen Notices of *Lis Pendens,* the Civil Division was divested of jurisdiction over the issue of the Notices of *Lis Pendens* because the issue was pending before this court. Therefore, the Civil Division's subsequent August 25, 2006, Order granting the Recorder of Deeds's unopposed Motion to Vacate its earlier order was void due to lack of jurisdiction. Accordingly, we vacate the August 25, 2006, Order. We reverse and remand the case to the Probate Division for consideration of the merits of the Creditors' complaints.[9]

*So ordered.*

---

9. At oral argument, Mr. Binstock, counsel for appellee Sally McGreevy in her capacity as personal representative of the estate, acknowledged that the estate had sufficient liquid assets to pay the Creditors' claims.